TEXAS LUMBER MANUF'G CO. v. BRANCH et al.

(Circuit Court of Appeals, Fifth Circuit. February 13, 1894.)

No. 202.

VENDOR AND PURCHASER—BONA FIDE PURCHASER.

Henri Rueg, owner of a large tract of unoccupied lands in the state of Texas, died, leaving a posthumous child as his sole heir. His brother and sister subsequently executed a deed for the tract, in which they were described as "the only surviving heirs at law of the above-mentioned Henri Rueg." *Held*, that the grantors had no semblance of title, either legal or equitable, and that the grantee, who had paid full value for the land, and taxes thereon for many years thereafter, was not entitled to protection as an innocent purchaser without notice.

In Error to the Circuit Court of the United States for the Eastern District of Texas.

This was an action of trespass to try title, brought by the Texas Lumber Manufacturing Company against Wharton Branch, T. M. McVeigh, C. L. Sisson, Stephen Hines, F. Scroggins, G. J. Collins, and others, in which J. B. Abbington, E. C. Douglass, and others, intervened. The case was tried by the court without a jury, and judgment was rendered in favor of plaintiff, and the defendants and interveners brought the case on error to this court. The judgment was at first affirmed because of defects in the transcript. 4 C. C. A. 52, 53 Fed. 849. A rehearing, however, was granted, and the judgment was thereafter reversed, and remanded for a new trial. 6 C. C. A. 92, 56 Fed. 708. A jury trial was then had, in which plaintiff recovered an undivided one-half interest in the land as against the defendants and the interveners. The interveners recovered as against the plaintiff and the defendants the other half. From this judgment the plaintiff has prosecuted the present writ of error.

H. M. Whitaker, for plaintiff in error.

W. S. Herndon and Ben. B. Cain, for defendants in error.

Before PARDEE and McCORMICK, Circuit Judges.

McCORMICK, Circuit Judge. This is an action of trespass to try title to land in Texas. It was before us on writ of error at our last term. 6 C. C. A. 92, 56 Fed. 707. Three questions were then presented for our determination: (1) Are the declarations of deceased relatives admissible to show the birth of a child? (2) Are the probate proceedings in Louisiana in the Succession of Henri Rueg res adjudicata as to heirship to his estate in Texas? (3) Under the law in force in Texas 13th March, 1838, did the wife inherit from the husband, if no legitimate descendants survived him? These questions were considered by this court, and our conclusions thereon announced in our opinion then delivered. We reversed the judgment of the circuit court, and remanded the case for a second trial. The case has been again tried in the circuit court. The parties appear to have withdrawn their waiver of a jury, and to have had their case on this second trial submitted to a jury. There

was a verdict and judgment against plaintiff for the land claimed by the defendants in error. There are now three errors assigned as ground for the reversal of this judgment.

The first of these asks us to reconsider our former ruling on the question as to the probate proceedings in Louisiana in the Succession of Henri Rueg being res adjudicata as to who was his heir or were his heirs. We see no reason to doubt the correctness of our former ruling on that subject, or to support our conclusion by additional reasons.

The second error assigned is substantially the refusal of the trial judge to entertain their claim of innocent purchaser for value without notice. The parties respectively claim the land in controversy through Henri Rueg. He died 13th March, 1838, leaving a lawful wife surviving him. She was then pregnant. This pregnancy resulted in the birth of a living child, who died in a few weeks, leaving his mother surviving him. This child was the sole heir to Henri Rueg's land in Texas, and on the death of the child a few weeks after his birth his mother became his sole heir. She, by a subsequent marriage, became the mother of the defendants in error. The plaintiff claims through a deed made by a brother and sister of Henri Rueg, who describe themselves in their deed as "being the only surviving heirs at law of the above-mentioned Henri Rueg." This deed was executed 12th December, 1854, and purports to convey about 30,000 acres of land in Texas, including that in controversy, for $4,000. This deed was recorded in the proper county on 28th October, 1856. On 24th January, 1887, the grantee in this deed sold the land in controversy in this action to the plaintiff in error. There has never been any actual occupancy of the land by any of the parties to this writ of error. The defendants in error have not paid taxes on the land. There is nothing on the records in the county where the land is situated to show that the defendants in error own the land. Provision has not been made in Texas requiring title by inheritance to be registered. The plaintiff had no actual notice of defendants' title. Plaintiff paid full value for the land. It offered to prove that it and those under whom it claimed had paid taxes on this land since about 1840. The trial judge held that the rules respecting a purchaser without notice do not apply to this case. In the case of Vattier v. Hinde, 7 Pet. 270, Judge Marshall said the rules respecting a purchaser without notice are framed for the protection of him who purchases the legal estate and pays the purchase money without knowledge of an outstanding equity. They do not protect a person who acquires no semblance of title. They apply fully only to the purchaser of the legal estate. There is nothing in the Texas decisions extending these rules to a case like the one at bar. Where the words "apparent ownership" are used by Chief Justice Stayton in the opinion referred to and relied on by plaintiff, he expressly limits them by the words, "evidenced as the law requires ownership to be." Patty v. Middleton, 82 Tex. 587, 17 S. W. 909. How is the ownership of the brother and sister of Henri Rueg evidenced in this case? By their own deed? It is without evidence, either such

as the law requires or such as a court of equity could receive to show beneficial ownership. They have no semblance of title. They could convey no more than they had. Their grantee took no more than they held. The real owners, legal and beneficial, were not parties to their deed. Being strangers to the title, both legal and equitable, the placing on record of a writing executed by them purporting to convey this land was not constructive notice to any one. If the real owners had actually seen and read this writing the day it was inscribed on the county records, they would not thereby have been charged with any duty affecting their title. The same is true as to the payment of taxes by a stranger. Owners of land in Texas are not charged with the duty of preventing strangers from paying taxes on their land. There is no error in the action of the trial judge in this particular.

The third error assigned does not, in our view, require any further notice than the statement of our conclusion that if there is error in the matter indicated it is not such as to require or warrant the reversal of the judgment. Affirmed.