## LINDBLOM v. ROCKS.

(Circuit Court of Appeals, Ninth Circuit.　June 18, 1906.)

No. 1,248.

1. ABANDONMENT—QUESTION FOR JURY.

In ejectment to recover a town lot located by plaintiff on a part of the public domain, evidence *held* to require submission of the question whether plaintiff had intended to abandon the property, to the jury.

[Ed. Note.—For cases in point, see vol. 1, Cent. Dig. Abandonment, § 10.]

2. TRIAL—INSTRUCTIONS.

Where, in ejectment to recover a town lot located on the public domain, the court in another instruction charged with reference to defenses other than abandonment, an instruction that defendant was required by a preponderance of the evidence to establish plaintiff's abandonment set up as a defense to entitle him to a verdict, and if he did not so prove, the jury should find for plaintiff, was not erroneous, as withdrawing the other defenses from the jury.

[Ed. Note.—For cases in point, see vol. 46, Cent. Dig. Trial, §§ 613, 614.]

3. VENDOR AND PURCHASER—BONA FIDE PURCHASER—RIGHT TO DEFENSE.

Where defendant's grantor had no title nor right of possession to the land in controversy at the time he attempted to sell such right of possession to defendant, defendant acquired no title to the subject-matter of his purchase, and could not therefore, avail himself of the defense of a bona fide purchaser for value.

[Ed. Note.—For cases in point, see vol. 48, Cent. Dig. Vendor and Purchaser, § 462.]

4. ABANDONMENT—BURDEN OF PROOF.

Where, in ejectment to recover possession of a town lot located by plaintiff on the public domain, defendant relied on the words of a former possessor to show an intention on plaintiff's part to abandon the property, the burden of proof was properly placed on defendant to prove that the words were spoken and that there was an actual abandonment.

5. EJECTMENT—PLEADING—ISSUES AND PROOF.

Where, in ejectment to recover a town lot located on the public domain, the answer alleged that prior to the time defendant purchased the lot, plaintiff had long since abandoned any claim she had made thereto, such pleading was insufficient to present the issue that plaintiff's failure to sue to recover the land until four years after her return from an absence from the country was itself sufficient to show abandonment.

6. ABANDONMENT—INTENT—EVIDENCE.

Where immediately on plaintiff's return to Alaska, she asserted claim to a town lot which she had previously located, and which was then in the possession of others, her failure to sue to recover possession for four years after her return did not of itself constitute an abandonment, but was competent only in connection with other facts as showing her intent to abandon.

7. SAME.

Where, in ejectment to recover possession of a town lot located by plaintiff in Alaska on the public domain, the only abandonment pleaded was one made long prior to defendant's purchase, and the only evidence of abandonment was that plaintiff had left Alaska, and of her declarations to her agent, an instruction that if she left the property in 1899 under circumstances, as shown by her acts and declarations, such as evidenced no intention to retain the property, then there was an abandonment; but, if she left it under such circumstances as showed an intention to retain it, then there was no abandonment, was not objectionable, as limiting plaintiff's intention to abandon to the time when she left the property.

In Error to the District Court of the United States for the Second Division of the District of Alaska.

The plaintiff in error was the defendant in an action brought by the defendant in error to recover the possession of a town lot in the city of Nome, Alaska, and for damages for the wrongful withholding of the possession thereof. In her complaint the defendant in error alleged that her estate in the premises was an estate in fee simple, except for the paramount title of the United States, being a legal right to the exclusive possession, use and enjoyment of said premises; that on or about August 12, 1899, while said land was still a part of the vacant, unoccupied, and unappropriated lands of the United States and open for location and occupation, she, being a citizen of the United States over the age of 21 years, peaceably and lawfully entered upon and took possession of said premises and continued to occupy the same until on or about the 1st day of May, 1900, when she was ousted by the defendant. The answer, after denying the material allegations of the complaint, alleged as a first separate defense that on November 22, 1899, the lot was vacant and unoccupied government land, and on that date Fred Tronsen entered and located the same as a town lot and built a house thereon, that on May 2, 1900, he with one J. A. Westby who had acquired an interest therein, conveyed the same to J. H. Lampe; that afterwards on May 14, 1900, J. H. Lampe for a consideration of $1,500, sold and conveyed the same to the plaintiff in error. For a second separate defense the answer alleged that on or about May 14, 1900, the plaintiff in error found one J. H. Lampe in the peaceable and exclusive possession of said lot, claiming to hold and own the same as a town lot; that said Lampe had constructed on said lot a dwelling house, and that he and his grantors and predecessors in interest had held, possessed, occupied, and used the same ever since it was vacant and unoccupied public lands of the United States; that the plaintiff in error in good faith purchased said lot from said Lampe and paid therefor $1,500; and that the plaintiff in error was entirely ignorant of any claim to said lot by the defendant in error, and did cause due and diligent inquiry to be made to ascertain if any person other than said Lampe had or made any claim to the said lot; that in the months of July and August, 1900, in good faith, and at the expense of more than $1,000, the plaintiff in error built and constructed a dwelling house on said lot without any knowledge of any claim to the said lot by the defendant in error, and that the defendant in error never did until long subsequent to the building and completion of said dwelling house notify the plaintiff in error of her said claim to said property or make any claim to said property. For a third separate defense the plaintiff in error, after alleging the facts set forth in the second separate defense, averred that, prior to the time when he purchased the said lot from Lampe, the defendant in error had long since abandoned any claim she theretofore had or made to said lot or any part thereof. Upon the issues so raised, the cause was tried before a jury, and a verdict was returned in favor of the defendant in error, and a judgment was rendered adjudging her to be entitled to the possession of said premises and to damages in the sum of $1,250 for the wrongful detention of the same.

J. C. Campbell, W. H. Metson, F. C. Drew, C. H. Oatman, and Ira D. Orton, for plaintiff in error.

Before GILBERT and ROSS, Circuit Judges, and HAWLEY, District Judge.

GILBERT, Circuit Judge, after stating the case as above, delivered the opinion of the court.

We find no merit in the contention that the trial court should have instructed the jury to return a verdict for the plaintiff in error. The evidence was not disputed that the defendant in error arrived in Nome, July 14, 1899, and that on August 12th of that year she staked the lot

in question and placed a location notice thereon, and that thereafter she dug a ditch around the lot, put a fence around it, and put up thereon a tent with a board floor and frame, and that she lived on the lot until November 1, 1899, when she left Nome for the States. She testified that she left the lot in charge of Capt. Tronsen, who lived near by, and also asked a friend, a Mrs. Rauna, to watch the lot for her; that she left in the tent personal property, consisting of a bed, bedding, stove, cooking utensils, chairs, and a table, all in charge of Capt. Tronsen, who promised to look after them until she returned the following spring; that she said to him: "All these things I leave here to hold my lot"; that on June 14, 1900, at the opening of navigation, she returned to Nome, went to her lot and found it occupied, and found that it had been sold to others. She testified that she did all that she could in the summer of 1900 to regain possession of her lot; that there were four persons who said that they owned the lot; that in November of that year she brought suit against one of them, and recovered a judgment; that the plaintiff in error told her that he had nothing to do with the lot and to look to Lampe; that Lampe told her he had a lawyer and was going to fight; that both Lampe and the plaintiff in error refused to do anything about it; that in 1901 she was ill and had to leave Nome; that she came back in 1903 and was, and for a long time remained, sick. The only testimony in the record tending to show that the defendant in error intended to abandon her property when she left it in the fall of 1899, is that of Capt. Tronsen who said that when she went away, she told him that if he wanted the lot he could take it. In view of the admissions made by Capt. Tronsen on his cross-examination, it is not surprising that the jury discredited his testimony and found for the defendant in error. But whether his testimony was true or false, there was clearly sufficient evidence to go to the jury to sustain the claim of the defendant in error to the right of possession of the property, and, if credited, to negative the contention that she at any time abandoned or intended to abandon it.

It is assigned as error that the court, after instructing the jury that the plaintiff in the action must establish by a preponderance of the evidence each of the allegations of her complaint, and that otherwise the verdict should be for the defendant, proceeded to charge as follows:

"On the other hand the defendant must, by a preponderance of the evidence in the case, establish the abandonment set up as a defense to entitle him to your verdict. If he do not so prove an abandonment, your verdict should be for plaintiff."

It is urged against this instruction that it gave the plaintiff in error the benefit only of the defense of abandonment, and that it excluded consideration of his other defenses. It is evident, however, from reading the instruction which is complained of, that it was directed solely to the particular defense of abandonment, and the jury must have so understood, for the court elsewhere fully instructed them that if they believed from the evidence that Lampe found Tronsen in the quiet, peacable, and exclusive possession of the lot, residing

thereon, and claiming to own the same, and that Lampe in good faith, having made such reasonable inquiries as a prudent man would do under like circumstances, and obtaining no information or notice of plaintiff's claim, purchased said lot from Tronsen and his co-owner, and paid a valuable consideration therefor, and thereafter Lampe for a valuable consideration sold and conveyed the lot to the defendant, who purchased the same in like good' faith after like reasonable inquiry, and without any notice of plaintiff's rights or claims, the verdict should be for the defendant. The plaintiff in error was thus given the benefit of his other defenses. This is a sufficient answer to the contention. But there is another answer, and that is that the facts set forth in the other defenses would, if true, constitute no defense to the cause of action alleged in the complaint. They do not show that the plaintiff in error was an innocent purchaser of the right of possession of the property. In order to obtain protection on the ground that he is an innocent purchaser for value and without notice a purchaser must have acquired title to the subject-matter of his purchase. Young v. Schofield, 132 Mo. 660, 34 S. W. 497; Wells v. Walker, 29 Ga. 450; In Vattier v. Hinde, 7 Pet. (U. S.) 270, 8 L. Ed. 675. Chief Justice Marshall said that the rules respecting a purchaser without notice are framed for the protection of him who purchases a legal estate and pays the purchase money without knowledge of an outstanding equity. They do not protect a person who acquires no semblance of title. In Sampeyreac v. United States, 7 Pet. (U. S.) 222–241, 8 L. Ed. 665, it was said that a grantor can convey no more than he possesses. Lampe, from whom the plaintiff in error purchased, was in no better position to convey the right of possession than if he had held under a forged deed. The doctrine of bona fide purchaser without notice does not apply where the purchaser buys no title at all. His good faith cannot create title. Dodge v. Briggs (C. C.) 27 Fed. 160, 166; Texas Lumber Mfg. Co. v. Branch, 60 Fed. 201, 8 C. C. A. 562. In addition to this both Lampe and the plaintiff in error held under quitclaim deeds. It is the general rule, that the grantee in a quitclaim deed is a purchaser with notice, and that he takes only the interest of his grantor in the premises. May v. Le Claire, 11 Wall. (U. S.) 217, 20 L. Ed. 50; Villa v. Rodriguez, 12 Wall. (U. S.) 323, 20 L. Ed. 406; Baker v. Humphrey, 101 U. S. 494, 25 L. Ed. 1065; Runyon v. Smith (C. C.) 18 Fed. 579; Dodge v. Briggs (C. C.) 27 Fed. 167; Gest v. Packwood (C. C.) 34 Fed. 368; Baker v. Woodward, 12 Or. 3, 16 Pac. 173; American Mortgage Co. v. Hutchinson, 19 Or. 334, 24 Pac. 515; Low v. Schaffer, 24 Or. 239, 33 Pac. 678.

It is urged that the court erred in instructing the jury that the burden of proof on the issue of abandonment was upon him who alleged abandonment. The plaintiff in error cites Sabariego v. Maverick, 124 U. S. 261–300, 8 Sup. Ct. 461–482, 31 L. Ed. 430, in which the court said:

"It follows that in cases where the proof on the part of the plaintiff does not show a possession continuous until actual dispossession by the defendant or those under whom he claims, the burden of proof is upon the plaintiff to show that his prior possession has not been abandoned."

The language so used was applied to the particular facts in the case then before the court, and it expresses the doctrine that if the plaintiff's possession is not continuous until actual dispossession by the defendant or those under whom he claims, the burden of proof to rebut the presumption of abandonment is placed upon the plaintiff. But, in the present case, the proof was, and there was no evidence to contradict it, that the possession of the defendant in error was continuous up to the time of her dispossession by Tronsen. Abandonment consists in the intention to abandon and the external act by which the intention is carried into effect. Stevens v. Norfolk, 42 Conn. 377; Livermore v. White, 74 Me. 452, 43 Am. Rep. 600. According to all the testimony the defendant in error was in possession up to the time when she left Nome, and she testified that she then placed Tronsen in possession as her agent. It is not shown that there was at any time when the premises were unoccupied. The evidence of abandonment upon which the plaintiff in error relied was Tronsen's testimony that when she left Nome the defendant in error said to him: "You can take the lot," and that two or three weeks later he concluded to take up her offer and took possession. In brief, the whole proof of the purpose of the defendant in error to leave the property without the intention to return consists in the words which she is said to have uttered to Tronsen and the fact that she went away from Nome. It is too plain to require discussion that where a defendant in such an action as this, relies upon the words of the former possessor to show an intention to abandon, the burden of proof is upon him to prove that the words were spoken, and that in the absence of facts sufficient to shift the burden of proof, it must always rest upon him who asserts the abandonment. 1 Cyc. 7; Tayon v. Ladew, 33 Mo. 205. This is not a case such as Sabariego v. Maverick, in which the premises were left unoccupied and possession was not demanded by the former possessor for so long a period as to require proof that he did not intend to abandon. In this connection the plaintiff in error argues that the fact that the present action was not commenced until four years after the return of the plaintiff in error to Nome is in itself sufficient to show abandonment. To this there are two answers: First, that such is not the abandonment which is pleaded. The answer alleges that prior to the time when the plaintiff in error purchased the lot, the defendant in error had long since abandoned any claim she had made thereto. Second, it is shown by the evidence and it is not disputed that immediately on her return to Nome and her discovery that she had been deprived of the possession the defendant in error demanded the possession of and asserted her claim to the lot, and that she never admitted any right in the plaintiff in error. The case does not come within the rule of such cases as Whitney v. Wright, 15 Wend. (N. Y.) 172, which was approved in Sabariego v. Maverick. In Whitney v. Wright the court held that the omission by the first possessor to bring an action against the disseisor claiming a title adverse for a period of 13 years, with knowledge of the adverse entry and the continuous possession under it, would authorize a jury to find an abandonment by the prior possessor; but in that case the plaintiff was

aware that his tenant had abandoned the premises and that thereafter the possession had passed into adverse hands. Without any excuse for the omission, he neglected for 13 years "to assert his right in any manner whatever." In the present case the defendant in error asserted her right, but omitted for a period of four years to bring her action. The most that can be said of her delay in bringing her action is that it might be taken into consideration in connection with other circumstances to throw light upon her intention. Sweeney v. Reilly, 42 Cal. 402–408.

The plaintiff in error assigns as error the following instruction:

"If she left the property in 1899 under circumstances, as shown by her acts and declarations, such as evidenced no intention to retain the property, then there was abandonment; if, on the other hand, she left it under such circumstances as showed an intention to retain it, then there was no abandonment."

The objection made to this instruction is that it told the jury that the intention to abandon must have existed at the time when the defendant in error left the property, and the plaintiff in error contends that if at any time subsequent thereto up to the time of bringing the action she abandoned it, it was a good defense. But, as we have already seen, the only abandonment pleaded was an abandonment made long prior to the purchase by the plaintiff in error. The only evidence tending to show such abandonment was the evidence of her leaving Nome, and of her declarations to Tronsen. There was no evidence of an intention to abandon after she returned to Nome. The court did not err therefore in conforming the instructions to the issues and to the evidence in the case.

We find no error for which the judgment should be reversed.

It is accordingly affirmed.