JESSE DODGE, Appellant, *v.* DAVID MARDEN AND B. A. KNOTT, Respondents.

WATER RIGHTS—NON-USER, WHEN RIGHTS LOST BY.—The water rights for mining and other purposes, secured under the revised statutes of the United States, are rights belonging to real property, and can not be lost by non-user alone, short of the period for the limitation of actions to recover real property.

IDEM—ABANDONMENT, ACT OF, EXTINGUISHES RIGHT.—Such water right may become extinguished by an act of abandonment; an act showing an intent to surrender or forsake the right.

UNDER THE STATUTE of this state, if a water right is so abandoned, and then, after such abandonment, the person having the right ceases for one year to exercise any act of ownership over it, his right becomes lost.

APPEAL from Jackson County.

This is a suit to restrain the respondents from using a certain water ditch, and from continuing certain mining operations described in the complaint.

The appellant is the owner of certain real estate in Jackson county, through which the ditch in question runs. The ditch was constructed prior to 1866 by one Ralls, while the title to the land was yet in the United States. The respondents are using the ditch under a license from Ralls. It is claimed by the appellant that the water rights of Ralls have become lost by abandonment. The facts relied upon to show such abandonment are stated in the opinion.

*E. B. Watson and J. A. Stratton,* for appellant.

*A. C. Jones and Strahan & Burnett,* for respondents.

By the Court, BOISE, J.:

It being admitted in the pleadings that the appellant is the owner in fee of the land described in the complaint over which the ditch complained of is constructed, he would have the right to have the respondents restrained in the use of it to his damage, unless they show that they are using it by some right which in law subjects the land to some right in the respondents to convey the water over the land of the appellant. The respondents claim that one M. V. Ralls, under whom they occupy and use this ditch and water, has such a right vested in him by virtue of an act of congress of July 26, 1866. Section 2339 of the Revised Statutes of the United States, which provides: "Whenever, by priority of possession, rights to the use of water for mining, agricultural, manufacturing or other purposes have vested and accrued, and the same are recognized and acknowledged by the local customs, laws and decisions of courts, the possessors and owners of such vested rights shall be maintained and protected in the same; and the

right of way for the construction of ditches and canals, for the purposes herein specified, is acknowledged and confirmed. But whenever any person, in the construction of any ditch or canal, injures or damages the possession of any settler on the public domain, the party committing such injury or damage shall be liable to the party injured for such injury or damage."

Section 2340 provides as follows: "All patents granted or pre-emption or homesteads allowed shall be subject to any vested and accrued water rights, etc., acquired under the preceding section."

The first question is: Did Ralls acquire such a right? It is admitted that he became the owner of this ditch and water right and occupied and used it prior to 1866, and that he, or persons under him, used it for conveying water for mining purposes in 1866–7. The title to the land now owned by the appellant was then in the United States. The patent to it from the United States to the appellant reserves the water rights mentioned in section 2339, above quoted, so that Ralls would still be the owner and entitled to use this ditch unless he has lost such right by abandonment.

The second and important question in this case is: Has Ralls lost this right by abandonment? It is claimed by the appellant that the fact that he did not use it for a period of about ten years is sufficient evidence to prove an abandonment. The right being one belonging to real property, could not be lost by non-user alone, short of the period for the limitations of actions to recover real property, which is twenty years. (1 Nev. 188; 6 Cal. 510; 10 Id. 181.)

But such a right might be shown to have become extinguished by an act of abandonment showing that Ralls had intentionally abandoned the same. It is claimed by the appellant that the bill of sale made by Ralls of three mining claims to a Chinaman proves that he had abandoned all claim on this ditch.

The following is the bill of sale, as exhibited in the testimony of Ralls:

"Know all men by these presents that I do this day bargain and sell to Yack, three mining claims, situated

on Kane creek, three hundred yards in length. Said claims are creek claims. Said claims are bounded on the north-west by Yack's, and running south-east three hundred yards to a stake, for which he pays the sum of ninety-five dollars. Said claims are entitled to all the water below the two upper ditches.

"October 4, 1864."

Nothing is said in this instrument about the ditch in question, and the evidence of Ralls shows that these claims were located along the creek above the head of the ditch in question, that is, the third ditch, and below the head of the second ditch and above its lower outlet. They were along by the side of the second ditch, and it does not appear that they were worked by the water of either of the ditches. They are described as creek claims. These claims might have been worked, and any water that was not used up by them might have flowed on and entered the third ditch, the ditch in question, without interfering with their operations. It appears from the testimony that this ditch was used by persons, with the consent of Ralls, in 1866-7, which was after the date of this instrument; and we do not see from the testimony how the use of the ditch in question would affect the claims sold to Yack, for he had the water first, and this ditch could only receive the surplus water that ran on past their claims. We think this instrument, and the circumstances under which it was given, as proven, does not prove an abandonment by Ralls.

No abandonment is proven by the testimony in this case, when considered without reference to the statute of Oregon, which we will next consider in connection with the facts found in this case.

The statute referred to is section 7 of the act relating to mines and mining claims, page 685, and is as follows: "That ditches used for mining purposes and mining flumes permanently affixed to the soil, be and the same are hereby declared real estate during the time the same shall be used for that purpose, provided, that whenever any person, company or corporation, being the owner or proprietor of any ditch, flume or water right, have or shall abandon the same,

and who shall for one year thereafter cease to exercise ownership over said water right, ditch, or flume; and every company, corporation, or person who shall remove from this state, with intent or purpose to change his or their residence, and shall remain absent one year without using or exercising ownership over such water right, ditch or flume, by a legally authorized agent, shall be deemed to have lost all title, claim, or interest therein."

The word abandon means to desert or forsake. In maritime law it means to relinquish to underwriters all claim. It is "used of an insured person who gives up all claim to the property covered by the policy which may remain after the loss or damage by a peril insured against." There can be no abandonment without some action of the will and an intent to abandon. (1 Nev. 188.) Such intent may be inferred from the declarations and acts of the party charged with an abandonment, because it is only by the declarations and acts of persons that we infer their intention, and in this case, as before suggested, no abandonment has been proven. We must construe the word abandon in the statute according to its ordinary signification, and it would be necessary in order to show that Ralls had lost his right to the ditch in question, by this statute, to show first that he had given up all claims to it, which would be an abandonment, and then that after such abandonment he had ceased for one year to exercise any acts of ownership over it. This is the natural and literal construction of the statute, and that such construction will accomplish the intention of the legislature, which seems to have been to make mining rights stable, and give to them the character of real property. In construing them and the evidence necessary to show that these rights have been acquired, transferred or lost, it will be necessary to apply the rules which govern similar transactions in relation to real property.

Entertaining these views of the law and evidence in this case, we have found no error in the conclusions and decree in the circuit court, and its decree will be affirmed, with costs.