[Filed June 24, 1886.]

## C. L. KALER v. W. B. CAMPBELL.

RIPARIAN RIGHTS—QUESTION OF FACT.—The plaintiff and defendant, each owning land upon a small stream originating above their lands, severally diverted the waters thereof, for the purpose of irrigation, at a point on government land above the lands owned by either. Subsequently, plaintiff acquired title to the land at the point of diversion. Upon these facts, the only controversy arising is as to prior appropriation of the water and the extent thereof. There is no question of the common law as applied to riparian owners.

SAME—PRIOR APPROPRIATION.—A settler upon government land has a right under the act of congress to divert the waters of a stream running through public land, and to the extent that he actually appropriates and uses it he has a vested right; and whoever afterwards purchases above or below him takes subject to such right.

UNION COUNTY.    Plaintiff appeals.    Affirmed.

*M. Baker* and *R. Eakin*, for Appellants.

*Zera Snow,* for Respondent.

LORD, J.    This is a suit in equity to restrain the defendant from diverting the waters of Clover Creek. Both the plaintiff and defendant derive the title to the lands which they own from the United States. Clover Creek is a natural stream of water, heading in government lands above the lands of the plaintiff and defendant, and runs through the lands of the plaintiff in a southerly direction, and partly through the lands of the defendant. The plaintiff alleges that in the fall of the year 1872, he appropriated all the water of said creek for the purposes of irrigation, stock water, and domestic uses; that such appropriation was according to the local custom and laws, and that, by the means of ditches, he conveyed the waters of said creek to his premises and lands; that he needed the water for such uses, and actually used and appropriated the same. Subsequently, the defendant diverted and

appropriated a portion of the waters of said creek for the irrigation of his land. Both diverted the water at or near the same point upon the creek, which was off their own lands; and at the time of the diversion and appropriation, upon land belonging to the United States. Subsequently, the plaintiff acquired the title, under the timber act, by patent from the United States, to the land from which and upon which he and the defendant were diverting the water.

Although some other questions were noted at the argument, the real contention in the case is as to the amount or quantity of water the plaintiff is entitled to by actual prior appropriation. And this is purely a question of fact, and to be determined by the evidence. The basis of the plaintiff's rights in the premises, and also of the defendant, rests upon congressional legislation. With the doctrine of the common law as applied to riparian owners, we have nothing to do upon the facts made by this record. It seems that when plaintiff settled his claim there was no other person above him upon the stream running through his land, nor any appropriation of its water. For the purpose of irrigating his soil, and for domestic and stock uses, he went above his land, and upon government land, and diverted the waters of Clover Creek. This he had a right to do, under the act of Congress; and to the extent he had actually appropriated and used, he had a vested right as to that amount or quantity of water, and whoever afterwards purchased above or below him took subject to such right of prior appropriation actually made by him. When, afterwards, the defendant acquired the title to the adjoining land, his right to appropriate the water of the creek to irrigate his land was subject to the prior appropriation of the plaintiff, and necessarily limited to whatever surplus remained. And when, subsequent to this, the plaintiff

bought of the government the land above his claim, where both he and the defendant, by means of ditches, had been diverting the waters of the creek to their own lands, and appropriating the same, he took such land from the government, subject to the amount or quantity actually appropriated by the defendant in such surplus. Thus the rights of the parties stand. Just what amount the plaintiff appropriated it is difficult to determine from the evidence. It is certain he did not appropriate all the water of the creek, as alleged. In view of all the facts, the result reached by the court below seems to be correct and in conformity with what is just and right in the premises. We shall, therefore, affirm the decree, and further order that each party pay his own costs.

Tʜᴀʏᴇʀ, J.   I concur.