Statement of the case.

[Decided June 29, 1893.]

## LOW v. SCHAFFER.

[S. C. 33 Pac. Rep. 678.]

1. **Continuity of Adverse Possession — Tacking.—** Where several persons enter upon land in succession the several possessions cannot be tacked together so as to make a continuity of possession under the law of adverse title, unless there is a privity of estate, or the several titles are connected. *Rowland* v. *Williams*, 23 Or. 515, cited and approved.

2. **Water Rights — Appurtenances.—** A prior appropriator of the water of a stream, who has a possessory right to the real estate benefited thereby, may by parol transfer his interest in the land as well as his right to use the water; ( *Hindman* v. *Rizor*, 21 Or. 112, cited and approved;) the latter being considered simply as an improvement and passing with the land unless specially reserved.

3. **Declarations as to Title — Evidence.—** Statements made by one in possession of land in assertion of his own title, are inadmissible against another claiming title thereto, if made in the latter's absence.

4. **Water Rights — Prior Appropriation.—** An appropriation of the waters of a stream for a beneficial use, is an appropriation of all tributaries thereto above the point of original diversion, flowing in well-defined channels.

5. **Quit-claim Deed — Bona Fide Purchaser — Notice.—** One who takes by a quit-claim deed land on which are ditches then being used to divert water to the lands of another, is chargeable with notice of the latter's rights to the water, since the grantee in such a deed is never an innocent purchaser without notice. *Baker* v. *Woodward*, 12 Or. 6, cited and approved.

6. **Water Rights — Appropriation — Riparian Proprietor.—** After the natural wants of a prior appropriator of the waters of a stream are satisfied, he, as a riparian proprietor, is not entitled to have the excess flow in the channel of the stream. Each riparian proprietor has the right to the ordinary use of the water flowing past his land to supply his natural wants, and he has the right to use a reasonable quantity for irrigating his land, if there be sufficient to supply the natural wants of the different proprietors.

Baker County: Morton D. Clifford, Judge.

This is a suit by Leonard Low against Logan and Amanda Schaffer to enjoin the defendants from diverting the waters of Hill Creek, in Baker County, Oregon. It appears that the waters of the creek flow through defend-

| | |
|---|---|
| 24 | 239 |
| 25 | 559 |
| 33* | 678 |
| 37* | 85 |
| 24 | 239 |
| c27 | 242 |
| 24 | 239 |
| 30 | 93 |
| 24 | 239 |
| 31 | 80 |
| 32 | 435 |
| 24 | 239 |
| 34 | 22 |
| 24 | 239 |
| 37 | 534 |
| 24 | 239 |
| 39 | 36 |
| 39 | 70 |
| 24 | 239 |
| 46 | 66 |

ants' land, and thence in a northeasterly direction through the plaintiff's adjoining land; that about one half of the volume of these waters is supplied from springs on defendants' land; that about 1868 plaintiff settled upon a tract of government land, and, after it had been surveyed and platted, he obtained the United States patent therefor; that at the time of his settlement he dug three ditches from said creek, and diverted and used all the water thereof to irrigate his arid land, and has ever since continued to so use it, except when diverted by others; that about 1876, one Martin Hill settled upon a tract south of and adjoining the plaintiff's said land, built a house and some fencing thereon, dug ditches from said creek and diverted and used the water to irrigate the cultivated portion of it, and continued to use the water for that purpose until about 1880, when he transferred his possessory right and improvements upon said land to plaintiff, who continued to irrigate it by the water of said creek until about 1884, when, by a bill of sale, he transferred the possessory right and improvements on said land acquired from Hill to one Thos. Huffman; that Huffman went into possession of said premises, diverted and used the water of said creek, and irrigated the land therewith until about 1885, when one Oscar Hindman contested his right thereto before the local land officers, and as a result of the contest secured the land and obtained a patent from the United States therefor; that Hindman diverted and used the waters of said creek, and also diverted and used the waters from three springs on said tract which were tributaries of said creek, to irrigate his land, and in May, 1890, and after he had made final proof in support of his claim, he conveyed it to the defendants, who went into possession, and have since that time diverted and used the water appropriated by Hindman to irrigate their land; that the lands of both plaintiff and defendant are dry and arid, and without water are nearly valueless, but by irrigation are

made to produce excellent crops; that another stream, known as Alder Creek, flows through plaintiff's land and serves to irrigate the whole tract except about ten to fifteen acres which has been irrigated from the water of Hill Creek.

The plaintiff alleges a prior appropriation of the water of Hill Creek; that he is a riparian proprietor on said stream, and that the water thereof is necessary for his use. The defendants, after denying the allegations of the complaint, for a separate defense allege an adverse user of the water of said creek by themselves and their grantors and their predecessors since 1876; and for a further separate defense allege that plaintiff was one of their grantors and predecessors in interest, and that such water was not necessary for his use, but that he desired it for speculation. The reply denied the allegations of new matter in the answer, and the issues having been completed the testimony was taken by a referee, and the court found that the equities were with the defendants and decreed to them twenty inches of the water of said creek, from which decree the plaintiff appeals. Reversed.

*D. D. Williams*, for Appellant.

*Olmstead & Courtney*, for Respondents.

Mr. Justice Moore delivered the opinion of the court:

1. The evidence conclusively shows that plaintiff was the prior appropriator of the water of said creek, and that he had diverted and used it for more than ten years prior to Hill's diversion; and, as a consequence, he is entitled to the use thereof unless he had lost it by an adverse user or by abandonment. To constitute an adverse user of more than ten years the defendants must necessarily tack the use of Huffman to that of Hindman, their grantor. Continuity of use is an essential element of an adverse title. When several persons enter upon land in succession, the

several possessions cannot be tacked so as to make a continuity of possession, unless there is a privity of estate, or the several titles are connected. Whenever one quits the possession, the seisin of the true owner is restored, and an entry afterwards by another, wrongfully, constitutes a new disseisin: *Melvin* v. *Proprietors*, 5 Met. 33 (Mass.). The possession of a landlord and his tenant, an ancestor and his heirs, a vendor and vendee, may be tacked to complete the bar of the statute of limitations: *Rowland* v. *Williams*, 23 Or. 515, (32 Pac. Rep. 402). If there has been any break or interruption in the use, the several uses cannot be tacked so as to make it continuous. If Hill's use in 1876 had been adverse to plaintiff's claim, when in 1880 he transferred his possessory right and improvements to the plaintiff, he thereby restored plaintiff to his original claim. Admitting that plaintiff transferred his possessory right to Huffman more than ten years prior to the commencement of the suit, Hindman could not tack his possession to that of Huffman, since there was no privity of interest or of estate between them; and Hindman did not take the title from Huffman as a tenant, heir, or vendee, but by an independent title from the government, and hence the defense or adverse possession must fail.

2. A prior appropriator of the water of a stream, who has a possessory right to the real estate benefited thereby, may, by a parol transfer, assign his interest in the land as well as his right to the use of the water appurtenant thereto. The water appropriated for irrigation is as much a part of the improvements as his buildings and fences, and the transfer of the possessory right to the land carries with it the water so appropriated, unless expressly reserved: *Hindman* v. *Rizor*, 21 Or. 113 (27 Pac. Rep. 13). The verbal sale and transfer of his water right by a prior appropriator operates *ipso facto* as an abandonment thereof, (*Smith* v. *O'Hara*, 43 Cal. 371,) and he could not thereafter reässert his original right to the same against another

appropriator: Pomeroy, Riparian Rights, § 88. The plaintiff could not be deprived of his use unless there was a manifest intention upon his part to abandon it, and this intention must be determined from his declarations and acts in relation thereto: *Dodge* v. *Marden*, 7 Or. 460. It appears that Hill had diverted and used the water from Hill Creek to irrigate his crops, and that plaintiff, while he claimed the possessory right thereto, had also used the water for that purpose. It appears that the bill of sale evidencing the transfer of the possessory rights from plaintiff to Huffman was left with Huffman's attorney, and was not offered in evidence. While plaintiff occupied and cultivated the land now owned by the defendants he never used the water from Hill Creek to irrigate the crops growing thereon, except in the early season when there was an abundance of water in the creek; thus showing that he considered and treated this tract as a servient estate to his own lying below, and that Huffman, while he occupied it, never used water thereon except by the plaintiff's permission, and then only when it was abundant. The plaintiff testifies that he never sold or assigned to Huffman the right to use any water from the creek, and in this he is corroborated by the testimony of Huffman, who swears that he never purchased any water rights thereon, or used any water except by plaintiff's permission. This evidence rebuts the presumption that plaintiff abandoned the use of the water. There could be no such abandonment without an intention on plaintiff's part to that effect, and his intent is to be gathered from his acts: *Mallett* v. *Mining Co.* 1 Nev. 188. It is quite apparent that the plaintiff never abandoned or intended to abandon his right to divert and appropriate the water of Hill Creek, and that he was not one of the defendants' grantors, or predecessors in interest.

3. Some testimony was offered which tended to show that Huffman said he "had it in black and white" that

plaintiff assigned the water to him. These statements were made in the absence of plaintiff, and cannot effect his testimony on that subject. The declarations of a grantor as to the condition of his title may be offered in evidence to affect the grantee, (Hill's Code, § 685,) but the declarations of one person in possession of land in assertion of his own title are inadmissable, if not within the rule of *res gestæ*: Rice, Evidence, § 238.

4. The law regards that appropriation which is first in time to be prior in right, and such appropriation constitutes a vested right which the courts will protect and enforce. When the waters of a stream have been appropriated for a beneficial use, it is an appropriation of all the tributaries thereof above the point of original diversion: *Malad Valley Irr. Co.* v. *Campbell*, 2 Idaho, 387 (18 Pac. 52). If the water from tributaries could be diverted it would destroy or impair the original appropriation: *Strickler* v. *City of Colorado Springs*, 16 Colo. 61 (26 Pac. 313); *Strait* v. *Brown*, 16 Nev. 317. The testimony of the plaintiff and his witnesses shows that the springs upon defendants' lands discharged their waters into Hill Creek by well-defined natural channels, while the defendants and their witnesses testify that there are no natural channels therefrom, but that the water percolates through the soil, and ultimately reaches the creek. The referee and court, however, have found that these springs are tributaries to said creek, and flow in well-defined channels, and that the diversion of the waters of said springs deprives plaintiff of the use thereof, to which he is entitled by reason of his prior appropriation.

5. The defendants claim that when they bought their land the water was being diverted from the creek and springs, and flowing in the ditches upon the land, and in use for purposes of irrigation by their grantor. The evidence shows that before they purchased the property they examined it, and would not have bought it but for the

water rights supposed to be appurtenant to it. The record also shows that the defendants accepted a quit-claim deed from the grantor; that the plaintiff's ditches were constructed on their land, and were diverting water from the creek, and hence it cannot be said that they were innocent purchasers for a valuable consideration without knowledge or notice; (*Baker* v. *Woodward*, 12 Or. 3; 6 Pac. Rep. 173;) and defendants must therefore be presumed to have purchased with knowledge of plaintiff's rights in the premises: *Coffman* v. *Robbins*, 8 Or. 278.

6. Plaintiff contends that because he is a riparian proprietor of Hill Creek, and made a prior appropriation of its waters, he is thereby entitled to the flow of water in the stream in excess of his appropriation; that as a prior appropriator he can divert the quantity necessary for his use, and then claim the right as a riparian proprietor to have the surplus water flow in the channel, notwithstanding the fact that defendants are riparian proprietors above him. Each riparian proprietor has the right to the ordinary use of the water flowing past his land for the purpose of supplying his natural wants, even if it take all the water of the stream to supply them. He also has the right to use a reasonable quantity for irrigating his land, if there be sufficient to supply the natural wants of the different proprietors. A diversion of water for irrigation is not an ordinary use, and can only be exercised reasonably and with proper regard to the rights of the other proprietors to apply the water to the same purposes: Gould, Waters, § 205; Pomeroy, Riparian Rights, § 125; *Jones* v. *Adams*, 19 Nev. 78 (6 Pac. Rep. 442); *Elliott* v. *Fitchburg R. R. Co.* 10 Cush. 194; *Coffman* v. *Robbins*, 8 Or. 278. Prior appropriation, under the doctrine of the Pacific Coast states, is a paramount right, and the rule stated above must be held to apply only after such appropriation for natural wants has been made, when the riparian proprietor will be entitled to a reasonable use

of the water for irrigation. It should be presumed that the prior appropriator, when he makes his appropriation, has taken enough water to supply his natural wants as well as his beneficial use. If his natural wants are supplied, and he has sufficient water for his beneficial use, he ought not to complain because others above divert the water. His right of action is based upon his injury, and if his wants are all supplied he cannot be injured. What constitutes a reasonable use depends upon a number of circumstances: upon the subject matter of the use itself, the size of the stream, the velocity of the current, the nature of the banks, the character of the soil, and a variety of other facts: Pomeroy, Riparian Rights, § 125. To hold that after the needs of a prior appropriator had been supplied, he, as a riparian proprietor, was entitled to the flow of the excess beyond his appropriation in the channel of the stream, would be to deny all subsequent appropriations. Such a rule would destroy the very object for which the theory of irrigation was established, and would give the prior appropriator the use of all the water of a stream, without regard to its size or capacity. Plaintiff, by reason of his prior appropriation, was entitled to the amount of water originally appropriated, and had he then taken all the water from the creek, his rights would be respected and maintained. He is entitled to have the water flow in the channel at the head of his ditches to the extent of his appropriation, and when the defendants and their grantor acquired this land they took the same subject to such prior appropriation: *Kaler* v. *Campbell*, 13 Or. 596 (11 Pac. Rep. 301). The plaintiffs rights are to be measured by his appropriation, and the defendants, being riparian proprietors, are entitled, after such appropriation, to a reasonable use of the water. It appears that there are about ten acres of plaintiff's land which cannot be irrigated from the waters of Alder Creek, and must be irrigated, if at all, from the waters of Hill Creek, and

hence he is entitled to a sufficient quantity from that creek for this purpose. The evidence shows that from one half inch to three inches is a sufficient quantity to properly irrigate one acre of land, and that in all probability plaintiff's whole tract can be irrigated from Alder Creek, except about ten acres, and that one inch per acre is sufficient for that purpose, and that this quantity is the measure of his right.

The decree of the court below must, therefore, be REVERSED, and one entered here giving plaintiff ten inches of the water of Hill Creek at his point of diversion, and perpetually enjoining the defendants from diverting any of the portion thus awarded the plaintiff.