Argued October 17, decided November 12, 1912.

**HEDGES v. RIDDLE.**[*]

(127 Pac. 548.)

**Waters—Riparian Rights—Abandonment.**

1. To constitute an abandonment of riparian water rights by nonuser, the nonuser must have been continuous for the 10-year period constituting the statute of limitations for commencing actions to recover realty; Section 6546, L. O. L., relating to the abandonment of the right to appropriate water by neglecting to use the ditch for a year, not applying.

**Waters—Irrigation.**

2. Under Desert Land Act March 3, 1877, c. 107, 19 Stat. 377 (U. S. Comp. St. 1901, p. 1548), providing that all surplus water, together with all other sources of water supply upon the public lands, shall be free for the appropriation and use of the public for irrigation, etc., subject to existing rights, a riparian owner is entitled, as against a subsequent appropriator, to water reasonably essential for his domestic use and for his stock, but is entitled to water for irrigation only to the extent of his prior appropriation.

**Waters—Irrigation—Amount.**

3. A riparian owner's right to water for irrigation is limited to the amount of water needed and used, so that, to determine that fact, the amount of land irrigated, the character of the soil, and the amount of water needed per acre must be known.

[*]As to abandonment by nonuser of right of prior appropriator of water, see note in 30 L. R. A. 265.                              REPORTER.

Sig. 9

From Douglas:   JAMES W. HAMILTON, Judge.

Statement by MR. CHIEF JUSTICE EAKIN.

The plaintiff, Capt. W. F. Hedges, claims and alleges ownership of 117.82 acres of land in sections 12 and 13, township 30 south, range 6 west, Willamette Meridian, in Douglas County, Oregon, described by metes and bounds, through which flows Judd Creek, a small natural stream of water; that his predecessors in interest, in the year 1902, diverted 40 inches of the waters thereof for the purposes of irrigation and domestic use, by means of a ditch about 12 inches wide by 10 inches deep; and that said water has been used by plaintiff and his predecessors in interest continuously, until interrupted by the defendants on November 1, 1910.  Plaintiff by his complaint bases his title upon riparian ownership, as well as by prior appropriation, and alleges that on the latter date defendants commenced the construction of a dam across the said creek above the head of plaintiff's ditch, and began to divert water from said creek, and prays that defendants be enjoined from interfering with the natural flow of said stream.

Defendants, E. D. Riddle and W. J. Warner, answering, deny the allegations of the complaint, and allege that in the month of November, 1910, they appropriated water from said creek for the purpose of conveying the same to the town of Riddle for city and domestic use, by means of a dam and through a four-inch pipe, which, at a point about 4,000 feet below the dam, is connected with a two and one-half-inch pipe, which has some supply from another source.  Upon the trial, findings were made and decree rendered in favor of the plaintiff, and the defendants appeal.        REVERSED.

From appellants there was a brief over the names of *Messrs. Coshow & Rice,* and *Mr. George Neuner, Jr.,* with an oral argument by *Mr. Oliver P. Coshow.*

For respondent there was a brief over the names of *Mr. Reuben W. Marsters* and *Mr. Commodore S. Jackson,* with an oral argument by *Mr. Marsters.*

Opinion by MR. CHIEF JUSTICE EAKIN.

J. D. Cornutt, plaintiff's grantor of the land, constructed the ditch for the diversion of the water by plowing a furrow, where not too rocky, and completing the same by pick and shovel, and used the water for irrigating orchard, garden, and some hay land.

1. Defendants contend that the ditch was abandoned for five years prior to 1910. There is no evidence of abandonment, except an attempt to show a nonuser of the water for that period; but, if such nonuser were proved, it would not establish an abandonment. To constitute abandonment by nonuser alone, such nonuser must have been continuous for a period equal to the statute of limitations for the commencement of actions to recover real property, namely, 10 years. *Dodge* v. *Marden,* 7 Or. 456; *Watts* v. *Spencer,* 51 Or. 271 (94 Pac. 39). And Section 6546, L. O. L., has no application to such a case as this. Defendants initiated their water right November 19, 1909, by obtaining a permit from the State Engineer, under Section 6624 *et seq.,* L. O. L.

2. The findings of the circuit court recognized plaintiff's right as riparian, and decree was rendered accordingly. This conclusion was proper in so far as it related to plaintiff's right to the flow of water in the creek for domestic and stock use; but we have no facts before us that indicate that plaintiff's grantor acquired title to the land from the Government prior to the adoption by Congress of the Desert Land Act, of date March 3, 1877 (19 Stat. 377, c. 107: 6 Fed. St. Ann. 392 [U. S. Comp. St. 1901, p. 1548]), by which the Government provided that

"All surplus water * * together with the water of all lakes, rivers and other sources of water supply upon

the public lands * * shall remain and be held free for the appropriation and use of the public for irrigation, mining, and manufacturing purposes subject to existing rights."

In *Hough* v. *Porter,* 51 Or. 318, 404 (95 Pac. 732: 98 Pac. 1083: 102 Pac. 728), it is held under this statute that every riparian owner, regardless of the date of settlement, is entitled (at least as against a subsequent appropriator) to a quantity of water reasonably essential for his domestic use and for the watering of his stock; but, beyond this, he is entitled to water for irrigation only to the extent to which he is the prior appropriator. Such appropriation is limited to the amount actually diverted and used for a needful purpose.

Plaintiff's grantor diverted water for irrigation in 1902, in a ditch about 10 inches wide by 6 inches deep, for the irrigation of the orchard, garden, and hay land. The amount irrigated is not definitely stated, except as three or four acres of orchard, three or four acres of garden, and some hay land. Garden was not raised every year, nor was hay irrigated more than a few years; and it is not possible from the data before us to determine what amount was actually used, nor how much was needed by plaintiff or his grantor. Defendants' use and diversion is also uncertain, and the data given us from which to compute it is too indefinite for that purpose; the record in this case being very incomplete, and not one upon which a full adjudication of the water rights involved may be had.

3. First, it is necessary to determine the amount of plaintiff's appropriation, which depends upon three things, the amount diverted from the stream, the amount used, and the amount needed; and his right is limited to the amount needed and used. To determine these facts, we must know the amount of land irrigated, the character of the soil, and the amount of water needed per acre. There is given an accurate measurement of the

amount of water flowing in the ditch about the time of the trial of this suit; but it does not appear that it represents the amount prior to the date of defendants' permit. Defendants' right is not measured by the amount claimed in the permit, but by the amount diverted, which is limited to the capacity of their pipe line, which depends on the size of the pipe and its average fall per thousand feet for the whole length of the line; also, there may be a question as to whether defendants can maintain a water right without definitely showing the need and use, and as to whether the defendant is entitled to the capacity of a four-inch pipe, when only a two and one-half-inch pipe has been maintained, less the amount now diverted from the spring branch. The issues are principally questions of fact as to the priorities of plaintiff and defendants, and the amount actually appropriated by each, which cannot be definitely determined from the evidence before us.

The decree of the court will be reversed, and the cause remanded to the lower court for such further proceedings as in its opinion may be proper.          REVERSED.