Argued October 30, decided December 10, 1912.

## BOWEN v. SPAULDING.[*]

(128 Pac. 37.)

**Waters—Appropriation—Riparian Rights—Injunction.**

1. While one may maintain either his riparian right or his right as an appropriator, he cannot claim title to water in both characters, the assumption of one being the abandonment of the

---

[*]As to right of prior appropriator of water, see note in 30 L. R. A. 665.
On the question of abandonment or loss of rights of prior appropriators, see note in 30 L. R. A. 265.                    REPORTER.

other, hence one claiming 500 miners' inches of the water of
a stream, and attempting to enjoin others from in any way
hindering the entire flow, will be held to be asserting rights as
an appropriator by which alone an exclusive use can be had,
and not as a riparian proprietor.

**Waters—Injunction—Evidence.**

2. The drastic remedy of injunction will not be granted to
protect water rights, unless, not only the appropriation by notice,
but also the actual application of the water to the intended use
and the necessity of the use for the purposes in question, be
clearly shown.

From Baker: WILLIAM SMITH, Judge.

Statement by MR. JUSTICE BURNETT.

This is a suit by J. C. Bowen and E. C. Bowen against
Bird Spaulding, W. B. Vaughn, Mary E. Smith, W. L.
Smith, the City of Baker, a municipal corporation,
F. Franklin and M. O. Haskell to establish the alleged
right of plaintiffs to the waters of a stream mentioned
in the pleadings, and to prevent interference by the
defendants with any of the flow thereof through
plaintiff's lands. The defendants also claim similar
rights to the stream, and seek to enjoin interference
therewith on the part of the plaintiffs. It was stipulated
at the hearing that the defendant city of Baker, a
municipal corporation, was entitled to the entire flow
of the water in the stream where it approaches what is
known as the Auburn ditch, and that the rights of all
the parties to the suit were subordinate to those of the
city when the municipality should choose to exercise
them for the benefit of its inhabitants. No further notice
therefore will be taken of the rights of the city of Baker.

Elk Creek, the stream in question, in its course from
west to east flows first across the lands of the defendant
Smith, then over the holdings of the defendants Spauld-
ing and Vaughn, and lastly upon the premises of the
plaintiff, where it empties into Powder River. After
stating that they are owners of land bordering upon the

stream, the plaintiffs claim that they and their predecessors in title appropriated 500 inches of water, miner's measurement under a 6-inch pressure, in the spring of 1872, and have since continuously employed that amount of water for irrigation and domestic uses on their lands in question. They asked the court not only to confirm their appropriation of 500 inches of water as prior to all others, but also to enjoin the defendants from in any way hindering the entire flow of Elk Creek reaching the premises of plaintiffs. The allegations of the complaint are traversed in material particulars by each of the answering defendants, who also claiming to be prior appropriators of certain amounts of the water of Elk Creek seek like relief against the plaintiffs. At the hearing the circuit court entered a decree, in substance, that the defendant Mary E. Smith was entitled to 4-34 of the stream, the defendants Spaulding and Vaughn to 15-34, and the plaintiffs to 15-34, and enjoined any disturbance of the division thus adjudged. All the parties appearing, except the city of Baker, have appealed from this decree.          DISMISSED.

For appellants there was a brief and an oral argument by *Mr. Gustav Anderson.*

For respondents there was a brief over the names of *Mr. Samuel White, Messrs. Clifford & Correll* and *Mr. John L. Rand,* with an oral argument by *Mr. Morton D. Clifford.*

MR. JUSTICE BURNETT delivered the opinion of the court.

We will first consider the nature of the claim stated in the complaint. Treating of a riparian right, the Supreme Court of Massachusetts says:

"This is a common right, and each must exercise it with due regard to the rights of others, and each must submit to that degree of inconvenience and hardship in his exercise of his rights which results from the existence of like rights in others. In such cases each proprietor is

entitled to the use of the stream in such reasonable manner according to the usages and wants of the community as will not be inconsistent with a like use by other proprietors above or below him." *Parker* v. *American Co.,* 195 Mass. 591 (81 N. E. 468: 10 L. R. A. [N. S.] 584).

1. We learn from this statement of the doctrine that a riparian right is analogous to tenancy in common, and that the enjoyment of the water by a mere riparian owner is subject to like enjoyment by other owners of the same class above and below him. When a person has appropriated to his exclusive use a fixed quantity of water and proposes to maintain that holding against all comers, he abandons the role of riparian owner, and assumes that of a tenant in severalty. It is an established rule in this State that, while one may maintain his riparian right or his right as an appropriator, he cannot claim title to water in both characters. The assumption of one is the abandonment of the other. *Low* v. *Schaffer,* 24 Or. 239 (23 Pac. 678); *North Powder Milling Co.* v. *Coughanour,* 34 Or. 9 (54 Pac. 223); *Brown* v. *Baker,* 39 Or. 66 (65 Pac. 799: 66 Pac. 193); *Davis* v. *Chamberlain,* 51 Or. 304 (98 Pac. 154); *Caviness* v. *La Grande Irrigation Co.,* 60 Or. 410 (119 Pac. 731). We conclude, therefore, that by claiming the fixed amount of 500 inches, miner's measurement, of the waters of Elk Creek, the plaintiffs are asserting rights as appropriators, and not as riparian proprietors, and must be therefore treated as assuming the former character.

2. On the question of priority of appropriation the testimony is indefinite and uncertain. It is true the plaintiff gave testimony tending to show that on November 27, 1872, their predecessor in title posted a notice locating and appropriating 500 inches of the waters of Elk Creek for agricultural, mechanical, and other purposes to be conveyed in a ditch to the ranch known as the Frank Fulford ranch. All that can be claimed, how-

ever, for this notice is that it was the initiatory step in the process. What amount of water was actually appropriated and conducted through the ditches to plaintiffs' premises, and whether or not the amount diverted was necessary for the purposes in question, are elements not shown to a sufficient certainty by the testimony to authorize the employment of the drastic remedy of injunction. The same may be said of the case made by each of the answering defendants. All the parties contesting appear to have used more or less of the water since the early 70's up to the present time, and disputes have arisen among them only when the progress of the country began to increase their acreage of crops, requiring a greater amount of irrigation. Within the principles announced in *Porter* v. *Pettengill,* 57 Or. 247 (110 Pac. 393); *Andrews* v. *Donnelly,* 59 Or. 138 (116 Pac. 569); and *Hedges* v. *Riddle,* 63 Or. 257 (127 Pac. 548), we deem the evidence too uncertain to support the remedy of injunction.

The suit is therefore dismissed without costs in this court, and without prejudice to either of the appealing parties as among themselves.          DISMISSED.