Argued May 7, decided May 27, rehearing denied July 1, 1913.

## WADE v. AMALGAMATED SUGAR CO.

### (132 Pac. 710.)

**Damages—Evidence—Opinion—Damage to Land.**

1. In an action against a tenant for permitting the land to become seeded with mustard and wild oats in violation of his lease that he would keep the land reasonably free from weeds, opinion evidence that it would cost $10 or $12 to put the land in good condition was not inadmissible on the ground that it established the expense as the measure of damages, where the court did not so instruct.

**Evidence—Declarations of Agent—Foundation.**

2. Foundation for admission of declarations of an agent is not shown, where his agency is shown by the declaration of another claiming to be an agent of the party to be charged.

[As to declarations and admissions of agents as evidence, see note in 131 Am. St. Rep. 306.]

Evidence—Declarations of Agent—Past Transactions.

3. The declarations of an agent as to past transactions are inadmissible unless the authority of the agent to make such declarations is shown to have then existed.

Appeal and Error—Trial—View by Jury—Discretion.

4. Permitting a view by the jury under Section 113, L. O. L., is in the discretion of the court, and its discretion will not be interfered with unless abused.

From Wallowa: JOHN W. KNOWLES, Judge.

Statement by MR. JUSTICE BURNETT.

This is an action by Aaron Wade against the Amalgamated Sugar Company, a private corporation. The facts are as follows:

The plaintiff leased his lands to the defendant. In the contract of leasing the defendant agreed that it would work the land in a husbandlike manner and keep the same reasonably free and clear from weeds. The complaint charged that in the spring of 1912 the defendant sowed such weeds as mustard and wild oats, which rendered the soil foul and unclean; that the defendant allowed them to mature, and the seeds therefrom were scattered over the land, whereby it was rendered less valuable; and that to remove the noxious growth would require years and money and labor, all to the damage of the plaintiff in the sum of $500. The lease was admitted, but its violation by the defendant was denied.

The answer alleged that the defendant cultivated the land in a husbandlike manner as provided in the lease and kept it reasonably free from all harmful weeds, but charged that at the time of the leasing the land had been seeded to such weeds and was in the neighborhood of other unclean lands from which the wind carried mustard seed upon the land in question so that without the fault of the defendant the land became foul.

The reply denied the new matter in the answer. The trial resulted in a verdict and judgment for the plaintiff, and the defendant appeals.      REVERSED.

For appellant there was a brief and an oral argument by *Mr. Charles H. Finn.*

For respondent there was a brief and an oral argument by *Mr. James A. Burleigh.*

MR. JUSTICE BURNETT delivered the opinion of the court.

1. It is claimed by the defendant that the court erred in admitting evidence of the opinions of witnesses who claimed they were skilled farmers and who testified that it would cost from $10 to $12 per acre to exterminate the weeds and put the land in good condition. The defendant contends that this establishes the expense as the measure of damages. We do not understand from the record that the court declared that to be the measure of damages, but that the testimony was admitted as tending to illustrate the situation whereby the jury might determine, using that as one element of their consideration, what would fairly compensate the plaintiff for the injuries suffered, if the same should be proven. The ultimate object to be attained is compensation for the damage resulting from a violation of the contract. What would be the reasonable cost of restoring the property to its original state is one element which would be entitled to consideration by the jury, and we think no error was committed in receiving this testimony.

2. The second error is predicated upon the admission of declarations of one whom the plaintiff claims was the agent of the defendant. The lease was for a term of three years, and the grievance complained of

happened, if at all, in the third year of the term.    The
plaintiff testified that the lease was made by Mr.
Bramwell as manager, but that he did not manage the
business during the last year of the term; that during
the autumn of that year Bramwell said he was man-
aging the company's business in Wallowa County, but
one Kerr had been superintending for him there.    The
witness then, in response to questions, testified to what
Bramwell said about Kerr's connection with the com-
pany, including the latter's agency, and afterward
testified that Bramwell said that a man named Eckles
put Kerr in as managing the business.    The plaintiff
then further testified to what Kerr said about sowing
the seed long after it had been sown.    In brief, we
have the declarations of Bramwell that he, himself, was
agent, and based upon this the testimony is admitted
to show what Bramwell said about what Eckles did in
appointing Kerr as agent of the company, and upon
this foundation is admitted the declarations of Kerr
against the defendant.    In *Harding* v. *Oregon-Idaho
Co.,* 57 Or. 34 (110 Pac. 412) it is held that: "The
authority of the agent cannot be shown by the alleged
agent's own statement or acts unless it be shown that
the principal knowingly acquiesced therein."    The
authorities are there collated by Mr. Justice SLATER.

3. Moreover, there is no showing of the extent of
the authority conferred upon Bramwell or Eckles or
Kerr, if in fact either of them was the agent of the
defendant company.    The declarations imputed to the
so-called agent were made long after the sowing of the
foul seed mentioned in the complaint and were narra-
tives of past occurrences.    Such declarations are not
admissible in evidence unless it shall appear that at
the time the agent was authorized to make the admis-
sion against the interest of the party against whom
they are offered: *Adkins* v. *Monmouth,* 41 Or. 266 (68

Pac. 737); *Alden* v. *Grande Ronde Lumber Co.,* 46 Or. 593 (81 Pac. 385). There was no sufficient foundation laid for the introduction of the declarations of the alleged agents of the company.

4. The only remaining error assigned is that the court refused to allow the jury to have a view of the premises where the seed is said to have been sown to determine from the stubble whether foul plants had grown there. Section 133, L. O. L., provides that: "Whenever, in the opinion of the court, it is proper that the jury should have a view of real property which is the subject of the litigation, or of the place in which any material fact occurred, it may order the jury to be conducted in a body in the custody of a proper officer, to the place, which shall be shown to them by the judge or by a person appointed by the court for that purpose. * * * " By the terms of this statute it is within the discretion of the court to allow the jury to view the premises or not, and we cannot see that the court abused this discretion. There was no error in the refusal of the view of the premises.

However, for the error in admitting the declarations of the alleged agents on the showing made, the judgment must be reversed, and it is so ordered.

REVERSED.