Argued May 5, modified June 2, 1914.

## WADE *v.* AMALGAMATED SUGAR CO.*

(142 Pac. 350.)

**Agriculture—Weeds—Liability of Tenant—Damages—Measure.**

1. The measure of damages against a tenant for permitting the land to become seeded with mustard and wild oats, in violation of his lease, is the reasonable costs of restoring the land to its former condition, plus the depreciation of its rental value in the meantime.

[As to duty of owner to destroy noxious weeds on his lands, see note in Ann. Cas. 1913D, 432.]

**Evidence—Opinion Evidence—Special Knowledge of Witness.**

2. The testimony of farmers shown to have had experience in eradicating mustard from fields, as to the probable cost of doing so is admissible.

[As to when the opinions of nonexperts are admissible, see note in 30 Am. St. Rep. 38.]

---

*The question of the damages for allowing land to become infested with weeds is treated in a note in 12 L. R. A. (N. S.) 88.

REPORTER.

Costs—Items—Costs at Former Trial.

3. Where a judgment is reversed and a second trial results in favor of the same party, he is not entitled to costs accruing at the first trial.

[As to charges recoverable as costs by prevailing party, see note in 88 Am. Dec. 181.]

Appeal and Error—Review—Scope and Extent—Costs.

4. Under Section 569, L. O. L., making the costs and disbursements a part of the original judgment, an appeal from the judgment will not be dismissed as to costs, a separate appeal as to costs not being necessary, though the statute authorizes an appeal from the taxation of costs and a bill of exceptions on such appeal.

From Wallowa: JOHN W. KNOWLES, Judge.

This is an action by Aaron Wade against the Amalgamated Sugar Company, a private corporation. A complete statement of the facts involved herein will be found in 65 Or. 488 (132 Pac. 710).      MODIFIED.

For appellant there was a brief over the names of *Mr. Charles H. Pinn* and *Messrs. Cochran & Eberhard,* with an oral argument by *Mr. George T. Cochran.*

For respondent there was a brief and an oral argument by *Mr. James A. Burleigh.*

In Banc.      Opinion by MR. CHIEF JUSTICE McBRIDE.

1. This case was previously before us on appeal; and, as a full statement of the issues was made in 65 Or. 488 (132 Pac. 710), it will not be necessary to restate them here. The true measure of damages is the reasonable cost of restoring the land to its former condition plus the depreciation of its rental value in the meantime. This would be compensation for the injury suffered and nothing more: *Wade* v. *Amalgamated Sugar Co.,* 65 Or. 488 (132 Pac. 710); *Brown Land Co.* v. *Lehman,* 134 Iowa, 712 (112 N. W. 185, 12 L. R. A. (N. S.) 88).

2. The testimony of farmers shown to have had experience in eradicating mustard from fields as to the probable cost of doing so was clearly admissible: *Plagen* v. *Thompson,* 23 Or. 239 (31 Pac. 647, 18 L. R. A. 315). The testimony admitted in the case at bar is not within the rule announced in *Montgomery* v. *Somcrs,* 50 Or. 259 (90 Pac. 674), and cases there cited. In those cases the witness was permitted to state the exact amount of damages suffered by the plaintiff, which was the very fact to be found by the jury. In the case at bar the witnesses were allowed to state the probable expense per acre of removing the mustard, which was only one element of plaintiff's damage. The aggregate damage would be ascertained by computing the number of acres, the cost per acre of removing the noxious weeds, and the diminished rental value of the land while the process of extermination was going on. On the whole we are of the opinion that there was no testimony admitted and no ruling made during the hearing which prevented defendant from having a fair trial.

3. Another question arises upon the taxation of costs and disbursements. The plaintiff's cost bill included certain costs and disbursements incurred on the previous trial in this case, wherein he recovered judgment against defendants, which was reversed in this court. There is a dearth of authority on this subject, and plausible arguments may be urged on either side. Our statute is indefinite and we are disposed to follow the common-law rule, which was that, where after a reversal a party again recovered judgment, he could recover only the disbursements of the last trial: 2 Bacon's Abridgment, p. 750; *Havard* v. *Davis,* 1 Browne (Pa.), 334.

4. A motion to dismiss the appeal as to costs is urged upon the ground that the appeal from the taxation of costs should have been taken separately from the appeal on the merits, but we believe this contention is unsound. It is true that the statute provides for an appeal from the taxation of costs and for a bill of exceptions upon such appeal, but we take it that this is only for those cases wherein a losing party does not desire to appeal from the whole judgment. The costs and disbursements, when taxed, become a part of the original judgment, and are included in it: Section 569, L. O. L. And where a bill of exceptions covers both the merits and the objections to the cost bill, there is no good reason why a party desiring to try both here should take two appeals and try his case out piecemeal in this court.

The judgment will be modified here so as to exclude the sum expended by plaintiff for witness fees and stenographer fee at the former trial, in all other respects being affirmed. The defendant will recover its costs and disbursements on this appeal, which will not include the expense of printing that portion of the abstract and brief not relating to the matter of costs and disbursements.                MODIFIED.