Argued January 13, affirmed February 9, motion to retax costs denied
March 2, 1915.

## HEDGES v. RIDDLE.*

[146 Pac. 99; 146 Pac. 964.]

**Waters and Watercourses—Appropriation—Riparian Rights—Election.**

1. Where a riparian owner has elected to take a definite quantity
of water by appropriation, he thereby waives his riparian rights, and
whatever rights he has must be determined under his claim of ap-
propriation

[As to nature of riparian rights and lands to which they at-
tach, see note in Ann. Cas. 1913E, 709.]

**Eminent Domain—Acquisition of Water—Prior Appropriation.**

2. Where defendants constructed a pipe-line to supply a town
with water for domestic use, and to do so they needed water subject
to plaintiff's prior appropriation, they could only obtain it by con-
demnation.

[As to condemnation for irrigation purposes under power of
eminent domain, see note in Ann. Cas. 1912D, 1002.]

**Costs—Taxation—Costs on Former Appeal.**

3. A plaintiff who obtains a decree on a second trial, which is af-
firmed on appeal, after the reversal of a decree in his favor on the
first trial, is not entitled to costs incurred on the first appeal.

From Douglas: JAMES W. HAMILTON, Judge.

Department 2. Statement by MR. JUSTICE EAKIN.

This is a suit by W. F. Hedges against E. D. Rid-
dle and W. J. Warner, and is the second appeal in this
case. The facts are stated in 63 Or. 257 (127 Pac.
548), so far as they are necessary to this opinion.

AFFIRMED. MOTION TO RETAX COSTS DENIED.

For appellants there was a brief with oral argu-
ments by *Mr. Oliver P. Coshow* and *Mr. George
Neuner, Jr.*

*Upon the right to exercise power of eminent domain for water
supply, see note in 58 L. R. A. 241. See, also, note in 40 L. Ed.
(U. S.) 188.                                    REPORTER.

For respondent there was a brief with oral arguments by *Mr. John A. Buchanan* and *Mr. Reuben W. Marsters.*

MR. JUSTICE EAKIN delivered the opinion of the court.

The cause was reversed at the first appeal and remanded for the taking of further testimony. It now appears that plaintiff cultivates .3 of an acre in garden, a wheat field containing about 3.7 acres, and 2.6 acres in prune orchard, making a total of 6.6 acres, all of which needs to be and has been irrigated by the plaintiff. There is a small piece of land south of the wheat field, consisting of 3.4 acres, which might be irrigated, but never has been. The witness Hicks gives us definite testimony as to the measure of the land, of plaintiff's ditch, and of the amount of water appropriated by defendants through their pipe-line. From these facts we can readily determine the amount of water which plaintiff needs and has used for irrigation. Hicks gives us a rule for the application of water as followed by the state water board, which limits the amount necessary in such a case to one-half inch per acre; but as stated in the case of *Little Walla Walla Irr. Co.* v. *Finis Irr. Co.,* 62 Or. 348 (124 Pac. 666, 125 Pac. 270), where the controversy involved an appropriation made before these rules were established, in the use of water upon small tracts of land, only a very small part of one-half inch per acre could be carried to the land without the use of an expensive means of conveying it, which is not justified in this case. This being very gravelly land, we think the plaintiff should be allowed two inches per acre for seven acres.

1. The fact that plaintiff is a riparian owner on the stream cannot avail him now. He has elected to take

a definite quantity by appropriation, and has waived his riparian right, and his rights must be determined under his claim of prior appropriation. He cannot pursue both methods: See *Brown* v. *Baker,* 39 Or. 66 (65 Pac. 799, 66 Pac. 193), and the many cases since decided.

2. The amount that defendants have expended on their pipe-line can have no weight here. If they expended moneys to construct their plant, they did so at their own peril; and, if this water is necessary to supply the town of Riddle with water for domestic use, their remedy is to acquire it by condemnation.

We find no error contributing to the result, and the decree must be affirmed.

AFFIRMED.    MOTION TO RETAX COSTS DENIED.

MR. CHIEF JUSTICE MOORE, MR. JUSTICE BEAN and MR. JUSTICE HARRIS concur.

---

Denied March 2, 1915.

MOTION TO RETAX COSTS.

(146 Pac. 964.)

*Messrs. Buchanan & Porter* and *Mr. Reuben W. Marsters,* for the motion.

*Mr. Oliver P. Coshow, contra.*

Opinion PER CURIAM.

This is a motion to retax costs. A decree in plaintiff's favor was reversed on a former appeal herein: *Hedges* v. *Riddle,* 63 Or. 257 (127 Pac. 548). At a second trial the plaintiff again secured the decree,

which was affirmed, and he filed a cost bill that included items of expense, amounting to $34.75, which had been incurred on the former appeal. Upon objection to these particular charges, the clerk of this court struck them out, whereupon this motion was interposed. In *Wade* v. *Amalgamated Sugar Co.,* 71 Or. 75 (142 Pac. 350), it was ruled that, where a judgment was reversed, and a second trial resulted in favor of the same party, he was not entitled to costs incurred at the former trial. The conclusion there noted determines this matter.

The action of our clerk, which is complained of in this motion, should be sustained, and it is so ordered.

AFFIRMED.    MOTION TO RETAX COSTS DENIED.