Motion to dismiss appeal denied June 23; argued October 15; affirmed November 5, 1936; rehearing denied January 5, 1937

## COX *v.* RAND ET AL.

(61 P. (2d) 1240)

In Banc.

*William P. Lord,* of Portland (Moynihan & Thompson, of Salem, on the brief), for appellant.

*Francis Marsh,* of McMinnville (E. L. McDougal, of Portland, and Vinton, Marsh & Marsh, of McMinnville, on the brief), for respondents.

CAMPBELL, C. J. This is an action to recover damages arising out of a collision between an auto-

mobile driven by plaintiff and a truck and trailer operated by one Kier in the business of the owners, the defendants herein.

The collision occurred on a curve in the highway near what is known as Sounder's Corners. A man by name of Booth was riding in the car with plaintiff at the time of the accident. The accident occurred about 12 o'clock midnight, June 5, 1934, as plaintiff was on his way from Sheridan to McMinnville.

There is some dispute as to the exact point where the collision took place, plaintiff claiming that it was directly on the curve, and defendants contending that it took place before the truck entered the curve and while it was on a straightaway.

The complaint alleges that the driver of the truck was negligent in the following particulars:

"(1) Defendants' said truck was driven at a high, dangerous and excessive rate of speed, greatly in excess of the speed allowed by law at the said time and place and under the said circumstances; (2) Defendants' said employee failed to keep a proper lookout for other traffic lawfully using the said highway, and more particularly for the automobile which plaintiff was driving; (3) Defendants' employee failed to keep said truck under proper control, by operating said truck at a high, dangerous and excessive rate of speed; (4) Defendants' employee drove said truck upon the highway in the direction in which it was traveling, at a time and place when the right hand side of said highway was open for vehicular traffic; (5) Defendants' said employee drove said truck to the left of the center of said highway while negotiating and rounding a curve in said highway, in violation of the laws of the State of Oregon. That the defendants' said truck was then being operated on the highway without any corner or what is commonly known as 'courtesy' lights."

Plaintiff then alleged that said negligence was the sole and proximate cause of the injuries of which plaintiff complains.

Defendants denied the charges of negligence alleged in the complaint, and for a further and separate answer and defense, alleged that plaintiff was negligent in the following particulars:

"1. In driving his automobile at a high, dangerous and excessive rate of speed under the circumstances and greatly in excess of the speed allowed by law at said time and place.

2. That plaintiff herein failed to observe the traffic upon said highway and particularly the truck of the defendants herein.

3. That the plaintiff was operating his automobile without having the same under control and at a high, dangerous and excessive rate of speed.

4. That the plaintiff operated his automobile upon his wrong or left side of the highway and this answering defendants' right hand side of the highway."

Defendants alleged that said acts of negligence on the part of plaintiff were the proximate contributing causes of the accident and the injuries complained of by plaintiff.

After issue joined, the cause came on for hearing before a court and a jury, the trial lasting three days.

At the close of defendants' testimony, plaintiff called John Wortman as a witness. The witness did not answer. The plaintiff then made a motion for a view of the premises:

"MR. LORD: Your Honor, may we have a view of the premises. I naturally assumed that the defendants would request a view at some stage of the proceeding, and the jury had no plat here to avail themselves of it—to assist them in knowing the width and contour of the road and so forth, and it would be only helpful that the jury should have the opportunity to see the road themselves."

Counsel for defendants then made objection as follows:

"MR. MARSH: I understand—I know we wouldn't have any objection to the view if it were made before the witnesses testified, and as I understand this highway out there has all been re-surfaced and changed. There has been a lot of changes made on the surface of the road. I don't think it would help the jury."

The court denied the motion.

Thereupon counsel for plaintiff called Eugene Marsh, of counsel for defendants, who testified in substance, that John Baker had come to the courtroom that morning at about 9:30, at the request of defendants' counsel; that after he had talked to Baker he did not consider Baker's testimony of any value, and as Baker expressed a desire to get back to his classes at Linfield College, where he was a student, "I told him I didn't want him to stay any longer. He could do as he pleased."

"Q You told him that you didn't need him any longer?
A No, I didn't say that I didn't need him any longer. He said 'I've got to be back in school at ten-fifteen or ten', and I said, 'Well, you go ahead and go.' That is what I told him. He had to get back to school."

Thereupon counsel for plaintiff asked for a short recess to enable him to get the witness, and, apparently at that time, placed the subpoenas in the hands of the sheriff. Recess was accordingly taken. After the recess, the sheriff of Yamhill county was called and testified, in substance, that he saw Baker that morning walking past the door of his office; that at that time he had no subpoena for Baker; that he had attempted to secure the attendance of both Baker and Wortman by phoning Linfield College and the residence of both

Baker and Wortman, and was unable to locate them by that method.

The case was thereupon submitted to the jury which returned a verdict in favor of defendants. Thereafter plaintiff moved for a new trial on the following grounds: Irregularity occurring at the trial; abuse of discretion of the court in not permitting a view of the premises; misconduct on the part of opposing counsel; and accident or surprise which ordinary prudence could not have guarded against.

The court overruled the motion and plaintiff appeals.

Error is assigned in the following: (1) The refusal of the court to permit a view of the premises; (2) the refusal of the court to grant a new trial.

■ § 2-302, Oregon Code 1930, provides:

"Whenever, in the opinion of the court, it is proper that the jury should have a view of    *    *    *    the place in which any material fact occurred, it may order the jury to be conducted in a body,    *    *    *    to the place, which shall be shown to them by the judge or by a person appointed by the court for that purpose.    *    *    *"

It will thus be observed that the view of the place of the accident is within the discretion of the court. The statement of counsel for defendants in open court, and uncontradicted, shows that there had been considerable change made in the highway, between the date of the accident and the time the request for a view of the premises was made. Under these circumstances, there was no abuse of discretion in denying the motion for a view of the premises: *Wade v. Amalgamated Sugar Company,* 65 Or. 488 (132 P. 710).

■ The misconduct complained of by plaintiff was the action of one of counsel for defendants in inform-

ing a young man by name of John Gordon Baker whom he had requested to be present at the courtroom, that he did not want said Baker to stay any longer, and he could do as he pleased.

Long before the case was called for trial, plaintiff had talked with Baker and Wortman, two young men who were driving in the same direction as the truck of defendants was being driven on the night of the collision and who were at the scene of the accident shortly after the collision occurred, and knew what they would testify to. There is no complaint as to any misconduct on the part of opposing counsel in regard to witness Wortman.

On the morning of September 25, 1935, the last day of the trial, plaintiff and plaintiff's counsel had talked to Baker at 8:30. They do not say that at that time they, or either of them, requested the said Baker to come to the courtroom and be a witness. A little later defendants' counsel talked to Baker and requested him to come to the courtroom for further consultation after his first class at Linfield College was over. Baker appeared at the courtroom at 9:30 a. m., and after some conversation with one of defendants' counsel was informed by said counsel that said counsel did not want him to remain longer and that he might return to his class. Baker was not called as a witness for plaintiff during the trial.

At the hearing on the motion for a new trial, said Baker and Wortman were subpoenaed. Baker testified, at that time, that he had talked to plaintiff a few days after the accident, and again with plaintiff and his counsel on the morning of the last day of the trial, and that they told him that if he was needed as a witness, they would let him know; that they thereafter did not at any time inform him that they required his presence at the trial.

Wortman testified on this occasion that plaintiff talked to him shortly after the date of the accident but had never subpoenaed him or even requested him to be present at the trial; that he had not been at the courtroom at any time during the trial. Mr. Wortman's testimony is not contradicted by anyone.

Counsel for plaintiff, in his affidavit in support of the motion for a new trial, avers that he instructed Mr. Baker in the courtroom, on the last day of the trial, that he would call him immediately. In this respect he contradicts the testimony of Mr. Baker.

The affidavits of plaintiff and his wife are unimportant, being largely conclusions instead of averments of facts. At any rate plaintiff showed no diligence in an attempt to have either Mr. Baker or Mr. Wortman present as witnesses: 46 C. J. 234, § 195. There is no evidence that opposing counsel did anything knowingly to deprive plaintiff of said Baker as a witness. It was not misconduct on the part of counsel to inform a person, who was present at his request, that he did not want him any longer and that he could please himself about going.

It will also be observed that plaintiff did not ask for any further continuance of time in which to have the witnesses brought into court.

The court did not abuse his discretion in refusing to grant a new trial on these grounds.

The judgment of the circuit court will be affirmed.

BELT and RAND, JJ., not sitting.