BRADLEY v. BURDICK HOTEL CO.

1. INNKEEPERS—ELEVATORS—NEGLIGENCE—QUESTION FOR JURY.

In action for injuries sustained while plaintiff was a passenger in hotel elevator where it appears that immediately preceding time when plaintiff entered the elevator it had not been working well, the elevator maintenance man had been called and had made repairs and then watched the operation of the elevator machinery in the penthouse but that passengers were carried during such period contrary to instructions given in safety code generally recognized by the elevator trade in this country, the question of defendant's negligence was for the jury.

2. NEGLIGENCE—INVITEES—DANGEROUS CONDITION OF PREMISES.

While one in lawful control of premises is not an insurer of the safety of an invitee, yet if the proprietor knows or reasonably should know of a dangerous condition on his premises he may become liable for injury resulting therefrom and may not delegate his responsibility to another and thus escape liability.

Duty of care owed by owner to business visitor, see 2 Restatement, Torts, § 343 and also comment e.

3. SAME—DANGEROUS CONDITION OF PREMISES—ELEVATORS—EVIDENCE—CAUSE OF ACCIDENT.

In action against proprietor of premises who has actual or constructive knowledge of the dangerous condition of an elevator and that it is operating defectively the injured invitee need not prove the immediate and precise cause of the accident nor resort to the doctrine of *res ipsa loquitur* in order to present the question of the proprietor's negligence to the jury.

4. APPEAL AND ERROR—ADMISSION OF EVIDENCE—INSTRUCTIONS—INJURY IN HOTEL ELEVATOR.

Under record presented in action by guest against hotelkeeper for injuries sustained while passenger in defendant's elevator, admission of certain testimony and instructions to jury did not present reversible error as claimed by plaintiff.

Appeal from Kalamazoo; Weimer (George V.), J. Submitted June 18, 1943. (Docket No. 3, Calendar No. 42,325.) Decided October 11, 1943.

Case by John Bradley against Burdick Hotel Company, a Michigan corporation, for personal injuries sustained when elevator in which he was riding fell. Verdict and judgment for plaintiff. Defendant appeals. Affirmed.

*Phillip C. Kelly,* for plaintiff.

*Howard, Howard & Howard,* for defendant.

NORTH, J. Plaintiff was injured while in a passenger elevator in defendant's hotel. On trial by jury, judgment of $5,000 was awarded to plaintiff. At the close of plaintiff's case, defendant made a motion for a directed verdict and decision was reserved. After verdict, defendant moved for judgment *non obstante veredicto* which was denied. Defendant appeals.

In substance the negligence alleged was defendant's failure to equip its elevator with suitable and effective safety devices, its failure to inspect and keep its elevator in a condition reasonably safe for use, and its failure to discontinue use of its elevator when known to be out of repair and unsafe for use.

It is admitted that on February 8, 1942, plaintiff was a guest in defendant's hotel. Shortly after noon, in company with several others, he entered the elevator at the seventh floor in order to descend to the first floor. On this down trip there were nine passengers. There was testimony that at about the fifth floor the elevator started to slip out of control and descended without any reduction of speed to the bottom of the shaft where it hit the bumpers with such force that plaintiff and other passengers were injured.

The proof shows that the elevator was about 30 years old, that it was not equipped with all modern safety devices, that it had several such devices the proper installation of which was questioned by an expert witness. The elevator license granted by the city of Kalamazoo had expired January 1, 1940, and had not been renewed. Defendant had a maintenance contract with the elevator manufacturer under which the manufacturer was employed to make all repairs and adjustments to keep the elevator operating.

During the morning of February 8, 1942, the elevator had not been functioning properly. It had stopped in such a position that two women passengers had to be helped out of the cage by the operator. During the forenoon the hotel maintenance man had placed a new fuse in the service line, after which operation of the elevator was resumed. About noon the elevator ceased functioning and the manu-

facturer's maintenance man appeared in response
to a call from the hotel. He tried to use the passen-
ger elevator but as it would not work, he went to
the top floor in the freight elevator. After making
some repairs to the passenger elevator machinery
in the penthouse, the operator was instructed by the
repair men to continue operations. The maintenance
man, according to his testimony, watched the ma-
chinery function for about 15 or 20 minutes and
then came down from the penthouse to the seventh
floor where he entered the passenger elevator to
descend to the first floor in order to leave the build-
ing. When the maintenance man was on the elevator
and as it had reached a lower floor, the operator
received a down-call from the seventh floor. So the
elevator was reversed by the operator and ascended
to the seventh floor where plaintiff and others en-
tered.

At no time did the maintenance man actually op-
erate the elevator. A witness for the plaintiff testi-
fied that about 10 minutes before the plaintiff was
injured, *i. e.*, while the maintenance man was watch-
ing the machinery in the penthouse: "I got on the
elevator at the seventh floor and told the elevator
operator that I wished to go to the third floor, and
we descended and went past the third floor and went
some distance, nearly approaching the second floor.
* * * I told the operator that I wished to get off
at the third floor, believing that he had misunder-
stood what I had told him when I entered the ele-
vator. * * * He says, 'I couldn't stop the
elevator at the third floor.'" The passenger ele-
vator, controlled by the regular operator, was being
used for the carrying of passengers during the
period of 15 or 20 minutes when the maintenance
man was watching the machinery operate, and one

witness testified that at the time the elevator was reversed to go to the seventh floor to get plaintiff and others, it slipped two floors.

During cross-examination of an expert witness produced by plaintiff, testimony concerning the American standard safety code was introduced. This is apparently a safety code for elevators and is generally recognized by the elevator trade in this country. Testimony was given that this code provides: "Instructions to operators. Carry no passengers while inspections, repairs or adjustments are in progress, and operate the car only in response to directions from the inspector or person in charge."

Under the above-outlined circumstances it was unquestionably correct for the circuit judge to permit the factual question of negligence on the part of defendant to go to the jury.

While it is a fundamental rule needing no citations that the one in lawful control of premises is not an insurer of the safety of an invitee, yet it is also fundamental that if the proprietor knows or reasonably should know of a dangerous condition on his premises, he may become liable for injury resulting therefrom, and he may not delegate his responsibility to another and thus escape his liability. Nor is it necessary for the injured person to prove the immediate and precise cause of the accident where the proprietor of the premises has actual or constructive knowledge of the dangerous condition of an elevator and that it is operating defectively. See *Casterton* v. *American Blower Co.*, 142 Mich. 407, 411. Under such circumstances there is no resort to the doctrine of *res ipsa loquitur* in permitting the question of negligence to go to the jury.

The defendant complains concerning the admission of certain testimony and the instructions of the trial court to the jury. Without detail, it is sufficient to say that we have read the record with care and find no just cause for complaint. The charge to the jury neither misstates the plaintiff's claim nor the defendant's claim, nor is it prejudicial, and we find nothing therein which would mislead the jury. Other grounds for appeal urged by defendant have been considered and found to be without merit.

Judgment is affirmed, with costs to plaintiff.

BOYLES, C. J., and CHANDLER, STARR, WIEST, BUTZEL, BUSHNELL, and SHARPE, JJ., concurred.