Argued November 9, affirmed December 21, 1960

# KROFT *v.* GRIMM
357 P. 2d 499

*Nels Peterson,* Portland, argued the cause for appellant. On the briefs were Peterson & Pozzi, Charles Paulson, and Gerald H. Robinson, all of Portland.

*Winfrid K. Liepe,* Portland, argued the cause for respondents. With him on the brief were Maguire, Shields, Morrison, Bailey & Kester, Portland, Howard K. Beebe, Portland, and Glenn R. Jack, Oregon City.

Before McALLISTER, Chief Justice, and PERRY, O'CONNELL, GOODWIN and HOWELL, Justices.

PERRY, J.

This is an action brought by Lee Ann Kroft, a minor, through her guardian ad litem, to recover damages for personal injuries suffered when she was run over by a truck operated by the defendant Fred Grimm.

The jury returned a verdict for the defendant and plaintiff appeals.

The defendant is the owner and operator of a fuel business in Oswego. On the day the plaintiff was injured, the defendant drove his truck to the Kroft home to deliver a load of wood. The place of delivery was a woodshed located on the rear of the premises where the plaintiff lived with her parents. The defendant backed his truck near the woodshed and commenced unloading the wood from the truck. At this time he noticed a number of small children playing near the woodshed. When the defendant had unloaded the wood, he went to the house and collected his bill. He talked briefly with a party who was installing a furnace for the Krofts and then returned to the truck. At this

time he noticed several children about the truck, and narrates what occurred as follows:

"So when I started for the truck, I says, 'Well, kiddies, it's time to get off the truck. I got to go.' So as they went, started climbing off, I went around, back, hooked these hooks which I got to hook, and I had to go clear around the far side of the truck, and the kiddies,—all you could see, they was up in the berries, there. I walked back around to the truck on my side, got in, started the motor, and I just started and someone yelled, some child yelled, so I stopped right there, and I opened—I slid over in the middle of the seat, opened the door. As I opened the door, right under me, I seen some little fanny sitting there on the running board, so I run them off. I seen that they was—the berry field was about five feet, from here to the corner of that desk (indicating), from the truck.

"* * * * *

"When I pushed this door open I seen they got out; then, I closed the door again. The ground is so rough I couldn't dare leave the door open. Then, I just got started and another child yelled. I said, 'What's the matter?' 'I got to get my dog.' So they got the dog, and the boy sitting, standing there in the berry field, he was about so high (indicating)—what age he was I couldn't say, I didn't pay no particular attention to him. Then when I started up again, I says, 'Sonny, now, is everybody in the clear?' I didn't have to open the door again. He said, 'Yes.' So then I started in compound low and rolled out of there. The fastest I could go, compound, which would be five miles an hour."

At the time defendant drove away the plaintiff was injured under the rear wheels of the truck although defendant was then unaware of this fact.

The plaintiff testified that she and two other children were sitting on the running board of the truck;

that she heard the defendant tell them all to get off the truck; that the other two did get off and she "was going to get off" and then "the truck started and it stopped, and I fell off."

The plaintiff assigns error in the refusal of the trial court to give the following instruction:

"You are instructed that the operator of a motor vehicle in the operation thereof is under the duty of exercising a high degree of care for the safety of a young child who might be endangered from the operation of said motor vehicle, taking into consideration the ordinary habits of young children. This duty arises when the driver of a motor vehicle has knowledge of the presence of a young child who might be endangered from the operation of a motor vehicle."

The trial court gave the following instruction defining defendant's duty of care:

"Now, ordinary negligence is the doing of that or the failure to do which a reasonably careful person would or would not have done under the same circumstances. It is just a common sense rule.

"Now, reasonable care, when danger to children is involved, may be a high degree of care depending on the circumstances. A reasonable person cannot expect the carefulness of conduct of a child that he would expect from an adult and, therefore, is required to use correspondingly more carefulness before he exercises due care. This does not make a person an insurer of the welfare of children, and before the defendant could be held responsible for the injury of the child, you will have to find by a preponderance of the evidence that he failed to do one of the things charged against him in the complaint which was not withdrawn from your consideration, and that his failure was the lack of ordinary care and, therefore, constituted negligence."

■ A trial judge is not required in instructing a jury to use the language of a party's requested instruction. It is sufficient, if the party's request be proper, that the court, in the language used, correctly apprises the jury of the applicable principle of law which shall guide it. *Mason v. Allen et al.,* 183 Or 638, 195 P2d 717.

The plaintiff states that the instruction given by the trial court is erroneous in that it "fails to tell the jury that plaintiff was entitled to the protection of a higher degree of care if defendant knew of children in the vicinity" of the truck.

There was no issue as to whether or not the defendant knew of children in the vicinity of the truck; he stated that he did. We think it was clear that this fact was assumed by the parties, the trial court, and the jury. The trial court's instructions clearly assume this fact for they nowhere require the plaintiff to prove the defendant had knowledge of the presence of children to raise the question of the amount of care required.

The rules of law regarding the movement of vehicles when children are known to be about are set forth as follows:

5A Am Jur 505, Automobiles and Highway Traffic § 436,

"The driver of a motor vehicle must be especially careful to avoid injury to children whose presence he is or should be aware of. While he is not an insurer against injuries to children from the operation of the car, he is required to exercise greater care toward children than toward adults, this greater care is, in one sense, but 'ordinary' care, namely, that degree of care which a man of ordinary prudence would exercise under the circumstances."

65 CJS 400, Negligence § 12b,

"The rule that no person is an insurer of the safety of others applies with respect to children, and one whose act or omission has resulted in injury to a child cannot be held liable therefor unless he has been guilty of negligence, involving a breach of duty owed to the child, even though the child is so young as not to be chargeable with contributory negligence. The known characteristics of children should, however, be taken into consideration in determining whether or not sufficient care for the safety of a child has been exercised in a particular case. Accordingly, the fact that children cannot and do not ordinarily exercise the same degree of prudence and care for their own safety as adults imposes on those by whose acts or omissions a child may be injured the obligation of exercising more vigilance and caution than might be sufficient with respect to an adult, and conduct which might reach the standard of ordinary care with respect to an adult might, in the case of a child, amount to negligence or even gross negligence."

■ These principles of law have guided this court for many years. *Pope v. Heldman,* 215 Or 703, 336 P2d 63. Under these principles of the law, it was the duty of the trial court to instruct the jury that, while it was to judge the actions of the defendant according to the standard of what a reasonably prudent person would do, the abstract "reasonably prudent person" must take into consideration the conduct of children and, therefore, use greater vigilance to avoid an injury than would be required if adults were about.

■ The standard yardstick by which the defendant's conduct is to be measured, "the reasonably prudent person," does not vary. *Sullivan v. Mount. States Power Co.,* 139 Or 282, 9 P2d 1038. It is the quantum of care to be exercised by "the reasonably prudent

person" that is variable according to the circumstances. *Pope v. Heldman,* supra; *Larson v. Heintz Construction Co.,* 219 Or 25, 345 P2d 835.

■ The trial court, therefore, correctly advised the jury that it must take into consideration the fact that children, not adults, were involved and that the reasonably prudent person would, therefore, use a higher degree of care, how high, short of an absolute guaranty of safety, to be determined by it.

While the trial court used the words "reasonable care" in the instruction when speaking of the higher duty required when children may be involved, and the term "ordinary care" with reference to the charges of negligence set forth in the plaintiff's complaint, the terms "ordinary care" and "reasonable care" are usually considered synonymous. *Hamre v. Conger,* 357 Mo 497, 209 SW2d 242. Undoubtedly a court would more clearly express itself if it did not interchange these terms in the same instruction, but used one or the other throughout. No exception was taken and we cannot say the instruction was so misleading that the plaintiff was not accorded a fair trial.

The plaintiff also seems to argue it was error for the trial court to advise the jury that the defendant was not an insurer of the plaintiff's safety.

■ As will be noted from the statements of the rules of law set out above, a party who is operating a vehicle in close proximity to children is not an insurer of their safety, *Pope v. Heldman,* supra, and an instruction to this effect is proper. *Ritchie v. Thomas et al.,* 190 Or 95, 224 P2d 543; *Clemens v. Smith,* 170 Or 400, 134 P2d 424; *Graham v. Corvallis & E. R. Co.,* 71 Or 477, 142 P 774.

The plaintiff charged in her complaint that the defendant was negligent in the following particulars:

"1. In starting said motor vehicle without first ascertaining that such movement could be made in safety.

"2. In failing and neglecting to give warning by means of a horn or otherwise of intention to start said motor vehicle.

"3. In failing and neglecting to remove said Lee Ann Kroft from a position of danger in close proximity to said truck, and placing said child in a position of safety.

"4. In failing and neglecting to keep and maintain a proper or any lookout for the presence and safety of said Lee Ann Kroft."

The trial court withdrew from the consideration of the jury specifications of negligence 1 and 2 and this withdrawal is alleged by plaintiff to constitute error.

■ Plaintiff's specification of negligence 1 is general in terms. It specifies no particular negligent act, except, perhaps, failure to maintain a proper lookout for the child and this issue was fully submitted to the jury when the trial court submitted plaintiff's specification of negligence 4. The statutory rule which requires "[t]he driver of any vehicle upon a highway before starting, stopping or turning from a direct line shall first see that such movement can be made in safety," ORS 483.126(1), applies to the operation of a motor vehicle upon the highway and has no application where the motor vehicle is operated on private premises. *Lee v. Hoff,* 163 Or 374, 97 P2d 715.

■ The trial court did not err when it withdrew from the consideration of the jury plaintiff's specification of negligence 1.

Nor was it error for the trial court to withdraw

specification of negligence 2 from the consideration of the jury for the facts disclose that a verbal warning was given by the defendant which was heard and understood by the plaintiff. It would be pure speculation to say that a warning by blowing the horn "would have accomplished more than the actual warning by words." *Abbott v. Railway Express Agency,* 108 F2d 671, 673.

The judgment is affirmed.