Argued September 12, 1973, reversed and remanded.
January 31, 1974

WHITE, *Appellant, v.* MILNER HOTELS, INC.,
*Respondent.*

518 P2d 631

*Richard Haeder,* Portland, argued the cause and filed the briefs for appellant.

*L. M. Schouboe,* Portland, argued the cause for respondent. With him on the brief were Schouboe, Cavanaugh & Dawson, Portland.

DENECKE, J.

The jury returned a verdict for the defendant in plaintiff's personal injury action and plaintiff appeals.

Plaintiff was a guest at defendant's hotel. She took the automatic elevator to go to her room. At plaintiff's floor the elevator stopped about four inches above the floor level. She stepped out, fell and was injured.

The defendant knew the elevator frequently stopped above the floor level. When it did the defendant called

a serviceman to adjust the elevator so it would stop more nearly level with the floor.

The plaintiff charged the defendant was negligent: "(1) In failing to maintain, repair and inspect the elevator in order that the elevator would stop and remain level at floor stops, including the fourth floor"; and "(2) In attempting to repair the levelling problem, but in failing to eliminate the problem." There were no other allegations charging negligence in maintaining or repairing the elevator. On defendant's motion the trial court struck both of the quoted allegations on the ground that there was no evidence to support either.

The trial court's decision was grounded upon the testimony of the elevator repairman called by plaintiff. He testified that because the elevator was of old design it would become maladjusted and stop as much as six inches from level with the floor; that he serviced the elevator twice a month and adjusted it so that it would stop no more than an inch off level.

When the landlord has noticed that the elevator is operating so as to endanger passengers, it has a duty to repair and maintain the elevator so that it operates safely. *Pritchard v. Terrill,* 189 Or 662, 665-666, 222 P2d 652, 25 ALR2d 358 (1950). This duty is nondelegable; that is, the landlord cannot fulfill its responsibility to put the elevator in safe operating condition merely by engaging a competent elevator repairman to make the necessary repairs or adjustments. When the landlord knows that the elevator continues to become maladjusted and, therefore, unsafe, despite the work of the repairman, the landlord is liable for any injuries that may be caused by the unsafe condition.

*Bradley v. Burdick Hotel Co.,* 306 Mich 600, 11 NW2d 257 (1943), illustrates the principle just stated. In the *Bradley* case a hotel elevator fell injuring the plaintiff passenger. The evidence was that the elevator was not functioning properly. The hotel operator called the manufacturer with whom the hotel operator had a maintenance contract. The manufacturer's repairman made some adjustments and told the elevator operator to resume operating the elevator. Soon thereafter the elevator fell. The court stated:

> "While it is a fundamental rule needing no citations that the one in lawful control of premises is not an insurer of the safety of an invitee, yet it is also fundamental that if the proprietor knows or reasonably should know of a dangerous condition on his premises, he may become liable for injury resulting therefrom, and he may not delegate his responsibility to another and thus escape his liability. * * *." 306 Mich at 604.

*Accord, Little Rock Land Company v. Raper,* 245 Ark 641, 433 SW2d 836, 842 (1968); *Ramirez v. Redevelopment Ag. of City & Co. of San Francisco,* 4 Cal App3d 397, 84 Cal Rptr 356, 357 (1970).

■ The two stricken allegations may be repetitious of each other. However, the plaintiff is entitled to have some allegation go to the jury charging that the defendant was negligent in failing to maintain or to make adequate repairs to the elevator.[①] The trial court erred in striking both allegations.

---

① The case sent to the jury on the following charges of negligence: : : ·

"* * * * *

"3. In failing to warn plaintiff that the elevator did not stop and remain level at the fourth floor;

"4. In failing to provide signals, flashes, or other devices to

Two other rulings of the trial court were assigned as error and may be in controversy in the event of a new trial.

■ The trial court instructed the jury that the defendant owed the plaintiff the duty of reasonable care. The trial court refused to give the plaintiff's requested instruction that the defendant owed plaintiff the highest degree of care in the operation of its elevator.

In *Kelly v. Lewis Inv. Co.*, 66 Or 1, 7-8, 133 P 826, Ann Cas 1915B 568 (1913), we held:

> "* * * [A] landlord who for a consideration stipulates to maintain and operate for the accommodation of his tenants and their visitors a passenger elevator into which the public are impliedly invited to enter and be carried to desired floors is subject to the highest degree of skill and foresight consistent with the efficient use and operation of the means of conveyance, the same as is imposed by law upon public carriers of passengers: * * *."

We made the identical holding in *Putnam v. Pacific Monthly Co.*, 68 Or 36, 56, 130 P 986, 136 P 835, LRA 1915F 782, 45 LRA ns 338, Ann Cas 15C 256 (1913), and repeated the above quotation from *Kelly v. Lewis Inv. Co.*, supra (66 Or 1).

We have come to the conclusion that instructing the jury that an elevator operator owes the duty of

---

warn plaintiff that the elevator did not stop and remain level at the fourth floor;

"5. In failing to provide a device to prevent the metal door from striking plaintiff or from closing on plaintiff;

"6. In failing to provide cushioning or other impact protection devices to prevent the metal door from causing injury to plaintiff when the door closed on plaintiff;

"* * * * *"

using "the highest degree of care" is confusing to the jury and unnecessarily complicates the law.

For years the scholars writing about this subject have criticized courts for establishing different degrees of care. For example, 2 Harper and James, Law of Torts, 945, § 16.13 (1956), states:

> "We have seen how the standard of reasonable care is one which may require an infinite variety of precautions, or acts of care, depending upon the circumstances, and how it is primarily for the jury to say just what precautions were appropriate to the danger apparent in the case at hand. According to prevailing modern doctrine this proportioning of care to danger does not mean that different degrees of care (or of negligence) are being applied, because the legal standard remains constant—namely, what a reasonably prudent person would do under all the circumstances. And this standard is the one broadly applied throughout the field of negligence."

*Accord,* Frederick Green, *High Care and Gross Negligence,* 23 Ill L Rev 4 (1928); Prosser, Torts (4th ed) 180, § 34.

Prosser states that it is incorrect to impose different *degrees* of care on different persons. Persons are required to use different *amounts* of care, depending upon the circumstances:

> "The amount of care demanded by the standard of reasonable conduct must be in proportion to the apparent risk. As the danger becomes greater, the actor is required to exercise caution commensurate with it. Those who deal with instrumentalities that are known to be dangerous, such as high tension electricity, gas, explosives, or elevators, must exercise a great amount of care because the risk is great. * * *.
>
> "Although the language used by the courts some-

times seems to indicate that a special standard is being applied, it would appear that none of these cases should logically call for any departure from the usual formula. What is required is merely the conduct of the reasonable man of ordinary prudence under the circumstances, and the greater danger, or the greater responsibility, is merely one of the circumstances, demanding only an increased amount of care." Prosser, supra, at 180-181.

In *Griffen v. Manice,* 166 NY 188, 59 NE 925 (1901), the trial court instructed that the possessor of an office building owed its elevator passengers the utmost degree of care. The Court of Appeals held this was incorrect and stated:

"* * * If the charge of the trial court is to be sustained, we must hold that the maintenance and operation of an elevator form an exception to the general standard of care imposed by the law upon the owners and occupants of real property. We see no reason for making this exception. The operation of an elevator, no doubt, involves danger, and if accident occurs it may result in most serious consequences. It is not, however, the only dangerous appliance used in modern buildings. The boiler which furnishes steam heat, the conductors through which electric light is furnished, may at times be the cause of serious accidents. An open hatchway is equally dangerous. Yet, it has never been attempted to impose upon the owner of a building any greater responsibility as to these matters than that of exercising reasonable care. It is very probable that, in the advance of mechanical arts, many new appliances will be introduced into buildings, which will involve danger. It seems to me impracticable to distinguish as to the measure of the owner's duty between these appliances, and that such an attempt would involve great confusion in the law. * * *." 166 NY at 198.

The court, however, went on to state that perform-

ing the duty of reasonable care would require greater care if the chance of danger were greater:

"* * * I do not wish to be misunderstood. In the exercise of the same degree of care, different degrees of precaution may be necessary. The same man with equal prudence will leave an article of furniture unguarded in his house and carefully secrete or lock up jewelry or money. So, the more dangerous an appliance may be, the more attention may be requisite. If the fair purport of the charge of the court was only that the care should be commensurate with the danger, it might not be objectionable. * * *." 166 NY at 198-199.

We have also held the amount of care varies with the likelihood of injury. In *Sullivan v. Mount. States Power Co.*, 139 Or 282, 9 P2d 1038 (1932), the plaintiff sought damages for injury to his property caused by defendant's maintenance and operation of an electric transmission line. We stated:

"The required degree of care is always graduated according to the danger attendant upon the activity one is pursuing. The standard does not vary —it is the conduct of an ordinarily prudent person. But such an individual exercises care commensurate with the dangers to be avoided and the likelihood of injury to others. Such being true, it may be well to take note of the harmful quality of electricity. * * *." 139 Or at 298.

In *Kroft v. Grimm*, 225 Or 247, 357 P2d 499 (1960), the plaintiff sought damages for injuries to a small child who was struck by a truck operated by defendant. Plaintiff contended the court erred in not instructing that when the driver knew of the presence of small children he owed a high degree of care for their safety. The trial court instructed that the duty was that of ordinary care; however, when the presence

of children is known, "more carefulness" is required. We stated:

"\* \* \* Under these principles of law, it was the duty of the trial court to instruct the jury that, while it was to judge the actions of the defendant according to the standard of what a reasonably prudent person would do, the abstract 'reasonably prudent person' must take into consideration the conduct of children and, therefore, use greater vigilance to avoid an injury than would be required if adults were about.

"The standard yardstick by which the defendant's conduct is to be measured, 'the reasonably prudent person,' does not vary. *Sullivan v. Mount. States Power Co.*, 139 Or 282, 9 P2d 1038. It is the quantum of care to be exercised by 'the reasonably prudent person' that is variable according to the circumstances. \* \* \*." 225 Or at 253-254.

We do not intend to lower the standard of care required of those operating elevators. We are attempting to have the standard stated in terms that are logically more consistent and relatively more comprehensible to the jury. *Kelly v. Lewis Inv. Co.*, supra (66 Or 1); *Putnam v. Pacific Monthly Co.*, supra (68 Or 36), are modified to the extent stated above.

The trial court did not err in refusing to instruct that the defendant owed plaintiff the highest degree of care.

Reversed and remanded.