TAYLOR, *Appellant,*
*v.*
BAUGHMAN, *Respondent.*
(No. 22059, CA 10362)
589 P2d 1160

David W. Hittle, Salem, argued the cause for appellant. With him on the brief were Craig C. Coyner, Bend, and Dye and Olson, Salem.

Bruce W. Williams, Salem, argued the cause for respondent. With him on the brief was Williams, Spooner & Graves, P. C., Salem.

Before Schwab, Chief Judge, and Lee and Richardson, Judges.

RICHARDSON, J.

## RICHARDSON, J.

This is an appeal by plaintiff, a nine year old child, from a judgment entered on a jury verdict for defendant. The cause of action arose out of an accident wherein defendant's automobile collided with plaintiff's bicycle. Plaintiff, through his guardian ad litem, makes six assignments of error. In the first assignment plaintiff contends the court improperly denied a jury view of the accident scene. The remaining assignments of error relate to instructions given or refused by the court.

On the afternoon of October 8, 1976, plaintiff and his younger brother were riding tandem on plaintiff's bicycle en route to a friend's house. The weather was clear and the pavement was dry. The road on which they were riding passed a residential area containing approximately 16 houses, which were located on four to five acre lots. Defendant, who was familiar with the area and who had driven on this road many times, was proceeding at approximately 20 miles per hour. Shortly before the accident she observed a child standing near a mailbox in front of one of the residences. Her view up the road was obstructed by brush and other foliage. As she proceeded up the road she observed plaintiff approximately 20 feet ahead of her riding his bicycle toward her in her lane of travel. She applied her brakes and swerved but collided with the bicycle and plaintiff was injured.

The first assignment of error is that the trial judge improperly denied plaintiff's motion for a jury view of the scene of the accident. The view was resisted by defendant on the grounds that a road sign, warning motorists to drive carefully, had been installed in the immediate vicinity since the accident and that there was a change in the vegetation along the roadway. The trial court found there was likelihood of prejudice to defendant if he granted the view and therefore denied plaintiff's request. At trial plaintiff introduced pictures of the scene which were taken prior to any physical changes in the area.

■■ The authority to grant or refuse a jury view under ORS 17.230 is within the discretion of the trial court and will not be upset absent a clear abuse of that discretion. *Natwick v. Moyer,* 177 Or 486, 498, 163 P2d 936 (1945); *State v. Mershon,* 1 Or App 314, 317, 460 P2d 363 (1969), *rev den* (1970). Where a material change has occurred in the area the motion for a view may be properly denied. *Cox v. Rand,* 155 Or 258, 262, 61 P2d 1240 (1937). We find no abuse of discretion.

■■ Plaintiff contends, in his second assignment of error, that the court improperly refused to give the emphasized portion of the following requested instruction:

"I instruct you that it is the continuing duty of a driver of a motor vehicle to keep and maintain a reasonable lookout for other vehicles or persons on the street or highway.

"A reasonable lookout means such as would be maintained by a reasonably prudent person under the same or similar circumstances.

"In determining this question you should take into consideration the extent or degree of danger reasonably to be expected. A person does not comply with the duty to keep a reasonable lookout by simply looking and not seeing that which is plainly visible and which would have been seen by a reasonably prudent person under the same or similar circumstances, *particularly where the driver of a motor vehicle knows of the presence of a child or children in, near, or adjacent to the street or highway, or should know that children may reasonably be expected to be in the vicinity, as the driver is under a duty to exercise care, usually stated to be reasonable, ordinary, due or proper care, for the safety of the child or children. In such situations, moreover, a high degree of vigilance is required of a driver to measure up to the standard of what the law requires as ordinary care.*" (Emphasis added.)

Plaintiff cites *Pope v. Heldman,* 215 Or 703, 336 P2d 63 (1959), in support of the requested instruction.

In *Pope v. Heldman, supra,* the issue was the propriety of a directed verdict in favor of the defendant. The injury to plaintiff, a five year old child, resulted from a collision between defendant's automobile and plaintiff's bicycle. Just prior to the collision defendant had observed plaintiff standing beside his bicycle on the side of the road. When plaintiff pushed his bicycle across the road he was hit by defendant's vehicle. The Supreme Court quoted from several authorities including the following from 5A Am Jur, Automobiles and Highway Traffic, §436:

"A motorist who knows or should know that children may be reasonably expected to be in the vicinity must anticipate childish conduct. On discovery of the presence of small children on the highway one should travel at such a rate of speed, and bring his vehicle under such control, that an accident will be averted regardless of the unexpected and unforeseen movement of any of the children. One has no right to assume that a child, especially one of tender years, will exercise the discretion needed to protect it from the dangers of rapid automobile traffic. The law recognizes the fact that children are, depending upon their age, creatures of impulse, heedless of danger, and likely to imperil themselves without regard for consequences, and the recognition of this fact places upon the operator of a motor vehicle an extra burden of care and caution where children are involved * * *." (Footnotes omitted.) 5A Am Jur at 505-06

Based on this principle of law the court concluded it was error to direct a verdict for the defendant. Under the circumstances presented by the evidence it was for the jury to determine if defendant exercised reasonable care. That case did not involve the propriety of an instruction setting forth the "extra burden of care" where young children are involved.

Although not cited by plaintiff, *Kroft v. Grimm,* 225 Or 247, 357 P2d 499 (1960), indicates a court has the duty to instruct the jury regarding a defendant's higher degree of care. That case was a personal injury action where plaintiff, a small child, was run over by

defendant's truck. Plaintiff appealed a jury verdict for defendant. Plaintiff contended the court erred in refusing an instruction to the effect that the operator of a motor vehicle was under duty of exercising a high degree of care where a young child might be endangered. The Court had instructed the jury as follows:

"Now, ordinary negligence is the doing of that or the failure to do which a reasonably careful person would or would not have done under the same circumstances. It is just a common sense rule.

"Now, reasonable care, when danger to children is involved, may be a high degree of care depending on the circumstances. A reasonable person cannot expect the carefulness of conduct of a child that he would expect from an adult and, therefore, is required to use correspondingly more carefulness before he exercises due care. * * *" 225 Or at 251.

The court rejected plaintiff's contention and held the instruction given by the court correctly stated the law. The court, after quoting from 5A Am Jur 505, Automobiles and Highway Traffic, §436 and 65 CJS 400, Negligence §12b (1950), stated:

"These principles of law have guided this court for many years. *Pope v. Heldman,* 215 Or 703, 336 P2d 63. Under these principles of the law, it was the duty of the trial court to instruct the jury that, while it was to judge the actions of the defendant according to the standard of what a reasonably prudent person would do the abstract 'reasonably prudent person' must take into consideration the conduct of children and, therefore, use greater vigilance to avoid an injury than would be required if adults were about.

"The standard yardstick by which the defendant's conduct is to be measured, 'the reasonably prudent person,' does not vary. * * * It is the quantum of care to be exercised by 'the reasonably prudent person' that is variable according to the circumstances. (cites omitted.)"

Plaintiff here argues his requested instruction correctly stated the principles enunciated in *Pope v. Heldman, supra,* and the court had a duty to so

instruct the jury. While *Kroft v. Grimm, supra,* appears to impose such a duty we conclude that requirement is no longer applicable.

In an analogous situation the Supreme Court, in *White v. Milner Hotels, Inc.,* 267 Or 628, 518 P2d 631 (1974), held an instruction setting forth a higher degree of care was unnecessary. That case involved an injury to plaintiff when the elevator in defendant's hotel failed to operate properly. Plaintiff had requested an instruction to the effect that the owner of a building containing an elevator owed the plaintiff the "highest degree" of care in the operation of the elevator. The court had instructed the jury that defendant owed plaintiff a duty of reasonable care. The Court acknowledged the body of law respecting a higher duty of care owed by elevator owners and operators, but said:

> "We have come to the conclusion that instructing the jury that an elevator operator owes the duty of using 'the highest degree of care' is confusing to the jury and unnecessarily complicates the law." 267 Or at 632-33.

The same rationale would apply in an automobile accident case where young children are involved. The involvement of a young child is merely a circumstance for the jury to consider in determining the quantum of care to be exercised by a reasonably prudent person. The requested instruction was properly refused.

■ Plaintiff's third, fourth and fifth assignments of error relate to the instructions respecting plaintiff's comparative negligence. A special verdict form was submitted to the jury requiring them to answer several interrogatories. The first question was whether the defendant was negligent. Only if this question were answered in the affirmative was the jury to consider the comparative negligence of the plaintiff. The jury found the defendant was not negligent and answered the first question in the negative. Any issue of plaintiff's negligence could not then have arisen and if the court's instructions were erroneous they could not

have affected the verdict. *Hatfield v. Gracen,* 279 Or 303, 567 P2d 546 (1977).

■ Plaintiff's final assignment of error contends the court improperly refused to give a requested instruction that much more is required of the driver of an automobile to discharge her duty of due care than is required of a bicyclist especially when the bicycle is carrying a passenger. What we have said respecting plaintiff's second assignment of error applies equally to this requested instruction. The court instructed the jury that defendant owed a duty of reasonable care under the circumstances. As pointed out in *White v. Milner Hotels, Inc., supra,* it would be confusing and unnecessary to additionally instruct that defendant must exhibit a higher degree of care when faced with a bicyclist and a passenger. This instruction in some measure related to the duty of care owed by plaintiff. Since the jury found defendant was not negligent, plaintiff's duty of care was no longer an issue.

Affirmed.